■ JEAN A. REEVES, Plaintiff, v JAMES V. WELCH, Respondent, and K-MART, Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: On May 25, 1982, plaintiff sustained personal injuries when she lost her balance and fell after stepping on a marble patio chip on the curb or sidewalk area near the entrance to a K-

Mart store at 1001 Hertel Avenue, Buffalo, New York. Defendant Welch was the owner of the premises and defendant K-Mart was the tenant. Plaintiff commenced separate actions against the defendants which were subsequently consolidated.

K-Mart thereafter moved for summary judgment against Welch on its cross claim for contractual indemnification based upon a provision in the parties' lease agreement. Special Term denied the motion. We now reverse.

It is well settled that "the law frowns upon contracts intended to exculpate a party from the consequences of his own negligence and though, with certain exceptions, they are enforceable, such agreements are subject to close judicial scrutiny". (Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp., 107 AD2d 450, 451, affd 65 NY2d 1038; see also, Van Dyke Prods. v Eastman Kodak Co., 12 NY2d 301, 304.) Accordingly, unless the intention of the parties to insulate one of them from liability for his own negligence is expressed in unequivocal terms, the exculpatory clause will not operate to effect such a result. However, this rule has been liberalized somewhat where, as here, the indemnification agreement has been "negotiated at arm's length between * * * sophisticated business entities", the intent being to allocate between themselves the risk of liability to third parties by including the obligation of one party to obtain insurance coverage in a specific amount (Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 158, 161; Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp., supra, at 451). In such circumstances, as here, so long as the intention to indemnify can be "clearly implied from the language and purposes of the entire agreement, and the surrounding facts and circumstances", it is unnecessary for the clause to refer expressly to the negligence of the party being indemnified (Margolin v New York Life Ins. Co., 32 NY2d 149, 153).

The indemnification clause herein provides in pertinent part: "During the lease term, Landlord shall keep Tenant insured against all statutory * * * damage to property or injuries and loss of life sustained by any person or persons within said common areas, in a policy or policies in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) with respect to injury to any one person and in the amount of One Million Dollars ($1,000,000.00) with respect to any one accident or disaster * * * and Landlord shall also indemnify and save Tenant harmless against such liability". Included within the definition of the term "common areas" are curbs, streets and sidewalks. Thus, it is clear that between Welch

and K-Mart, the risk of liability for plaintiff's injury, which occurred on the curb or sidewalk, has been allocated to Welch.

Provisions similar to those here have been held to require indemnification even where it has been the indemnitee's negligence which has been responsible for the injuries sustained *(Niagara Frontier Transp. Auth. v Tri-Delta Constr. Co., supra,* at 452, citing *L. B. Smith, Inc. v Bradley & Williams,* 58 NY2d 672; *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, *supra; Margolin v New York Life Ins. Co.,* 32 NY2d 149, *supra).* Accordingly, Special Term erred in denying K-Mart's motion for summary judgment on its cross motion for contractual indemnification. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Davis, JJ.