■ Chris Evert, Respondent, v Banco Popular de Puerto Rico, Appellant.—Appeal from an order of Supreme Court, New York County (Harold Tompkins, J.), entered on January 25, 1990, which denied defendant's motion pursuant to CPLR 327 for dismissal on the ground of *forum non conveniens,* granted plaintiff's cross-motion for summary judgment pursuant to CPLR 3212, and directed entry of judgment in favor of the plaintiff, is deemed an appeal from a judgment of the same Court entered on April 16, 1990, in favor of the plaintiff and against the defendant in the total amount of $39,356.25, and the said judgment is unanimously affirmed, with costs.

The letter of credit at issue in this action was expressly to guarantee the plaintiff's participation in a tennis tournament. The letter did not, however, make such participation a condition for payment, although certain other conditions were established under "Special Instructions." Accordingly, the IAS Court properly concluded that the defendant was required to honor the letter when all actual conditions of that letter were satisfied *(see, Fertico Belgium v Phosphate Chems. Export Assn.,* 100 AD2d 165). There is no reason why the doctrine of independent contracts *(see, First Commercial Bank v Gotham Originals,* 64 NY2d 287) should not apply to stand-by letters of

credit. That doctrine was appropriately applied by the IAS Court in this case. Defendant's opposition to plaintiff's cross-motion for summary judgment consisted solely of an affirmation of counsel containing no allegations of fact, and was therefore insufficient to sustain defendant's burden in opposing the summary judgment motion *(see, Tobron Off. Furniture Corp. v King World Prods.,* 161 AD2d 355). Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.