■ IMPTEX INTERNATIONAL CORP., Appellant, v BANK OF NEW YORK, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Diane Lebedeff, J.), entered on or about July 16, 1990, which, *inter alia,* dismissed the complaint, unanimously affirmed, with costs.

Defendant issued a letter of credit to plaintiff, which ultimately expired on December 31, 1987. By the letter's terms, draw could be made by the presentation of certain documentation to the defendant as negotiating bank, or to any corresponding bank, which included a bank in Pakistan named by the plaintiff. Proper documentation was to include a bill of lading, and the letter of credit required that presentment be made within thirty-one days of issuance of the bill of lading. The subject presentment was made to the corresponding bank in Pakistan within the required thirty-one days, but was not presented to the defendant's home office in New York City until substantially after the expiration of the letter of credit. Nevertheless, because presentment was timely made to the corresponding bank, and because nothing in the documents requires presentment to the negotiating bank's home office within the thirty-one day limit, the defendant did not breach its contract with the plaintiff. Plaintiff is, therefore, bound to reimburse the bank after it effected payment pursuant to a legitimate demand (Uniform Customs and Practice for Commercial Documentary Credits art 16 [a]; Uniform Commercial Code § 5-114 [3]). Plaintiff did not sustain its burden of opposing defendant's motion for summary judgment *(see, Evert v Banco Popular,* 172 AD2d 324), nor did it sustain its burden

on its own motion for summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320).

Plaintiff's cause of action sounding in negligence was properly dismissed, both for failure to show a duty giving rise to tort liability independent of duties under the contract *(see, Apple Records v Capitol Records,* 137 AD2d 50), and in light of a specific and express contractual limitation of liability negotiated at arms length between sophisticated business entities *(Reeves v Welch,* 127 AD2d 1000).

We have reviewed the plaintiff's remaining arguments, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.