■ VIVIAN GENTILE et al., Respondents, v ROTTERDAM SQUARE, a New York Limited Partnership, et al., Appellants. [640 NYS2d 696] —Crew III, J. Appeal from an order of the Supreme Court (Caruso, J.), entered September 6, 1995 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Vivian Gentile and her spouse, derivatively, commenced this negligence action to recover for injuries sustained by Gentile on December 28, 1990, when she slipped and fell on snow and ice in the parking lot near the entrance to Rotterdam Square Mall in Schenectady County. At the time of the accident (approximately 11:00 A.M.), snow was still falling from a storm that had begun earlier that morning and thereafter concluded at 4:00 P.M. that day, leaving a total accumulation of approximately 5 to 7 inches of snow. Gentile testified at her examination before trial that upon arriving at the mall, she noticed that defendants' snow removal efforts were underway

and that it was snowing lightly. According to defendants, the area where Gentile parked and fell had been plowed prior to her arrival, "but a thin layer of snow remained". After Gentile fell, she noticed that there was a patch of ice on the ground covered by a "light dusting of snow". Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal by defendants followed.

There must be a reversal. Where, as here, a defendant has undertaken snow removal efforts in the context of an ongoing storm, the relevant inquiry becomes whether the defendant's efforts either created a hazardous condition or exacerbated a natural hazard already created by the snowstorm (see, e.g., Kay v Flying Goose, 203 AD2d 332, 333; Glick v City of New York, 139 AD2d 402, 403; Bricca v New York Tel. Co., 37 AD2d 564). Although plaintiffs assert and Supreme Court found that a question of fact existed in this regard, we cannot agree. The mere fact that the record establishes that "a thin layer of snow remained" on the area in question, standing alone, is insufficient to raise a question of fact as to whether defendants' snow removal efforts either created a hazardous condition or worsened the conditions then existing. In this regard, we note that the mere failure to remove *all* snow and ice from a sidewalk or parking lot does not constitute negligence (see, Herrick v Grand Union Co., 1 AD2d 911; see also, Spicehandler v City of New York, 279 App Div 755, 756, affd 303 NY 946) and, in our view, a finding that the thin layer of snow remaining in the area in which Gentile fell posed a greater threat to her than would have been present had defendants failed to plow in the first instance would, on this record, be based upon pure speculation.* Nor is there any proof in the record to support plaintiffs' conclusory assertion that Gentile detrimentally relied upon defendants' snow removal efforts (see generally, Amazon v British Am. Dev. Corp., 216 AD2d 702, 704). Accordingly, defendants' motion for summary judgment should have been granted.

Mikoll, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.

---

* Noticeably absent from the record is an expert affidavit explaining the manner in which defendants' snow removal efforts allegedly created or exacerbated a hazardous condition.