■ CARL MARRONE et al., Respondents, v LANI VERONA, Also Known as LANI VERONA-SCHERM, et al., Appellants, et al., Defendant. [654 NYS2d 481] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Coutant, J.), entered January 24, 1996 in Chenango County, which denied a motion by certain defendants for summary judgment dismissing the complaint against them.

Defendants Lani Verona, Kamala Verona, Craig Verona and Verona Oil Company, Inc. (hereinafter collectively referred to as defendants) operate a service station on property they lease in the Town of Norwich, Chenango County. On December 30, 1993, plaintiff Dorothy Marrone (hereinafter plaintiff) was injured when she slipped and fell on ice and snow which had accumulated near the gas pumps at defendants' service station. After her accident, plaintiff and her husband commenced this negligence action against defendants and the owner of the property.* Defendants' motion for summary judgment was denied and this appeal ensued.

Ordinarily, a party in possession or control of real property cannot be held liable for injuries caused by the natural accumulation of ice or snow upon the property while a storm is in progress (*see, Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668). Nevertheless, when one takes steps to remove snow or ice during an ongoing storm, liability may result if those efforts create a hazardous condition or exacerbate a natural hazard created by the storm (*see, Gentile v Rotterdam Sq.*, 226 AD2d 973, 974; *Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994).

Here, it is not disputed that a "big storm" deposited a significant amount of snow on defendants' premises on December 29, 1993 and December 30, 1993, and that a contractor, retained by defendants to do so, had plowed the premises dur-

---

* The property owner, defendant Estate of Quentin A. Gorton, Sr., is not a party to this appeal.

ing the evening of December 29, 1993 and again the following morning. Defendants' employees also shoveled the area around the gas pumps on the evening of December 29, 1993; one of these employees was injured when he slipped and fell near the pumps while shoveling.

Plaintiff's fall occurred at approximately 1:30 P.M. the next day, on or near an "island" where the gas pumps were located. When deposed, she testified that there was slush and ice on the ground between her car and the island, but could not recall the condition of the island itself. In addition, two of defendants' employees averred that the plowing had resulted in a buildup of snow around the islands. There was, however, no evidence that this buildup caused plaintiff's fall, or that the plowing or shoveling otherwise created or aggravated a hazardous condition in the area where she fell. Accordingly, defendants' motion for summary judgment should have been granted (*see, Gentile v Rotterdam Sq., supra; Zima v North Colonie Cent. School Dist., supra*).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Lani Verona, Kamala Verona, Craig Verona and Verona Oil Company, Inc., and complaint dismissed against said defendants.