■ DAVID HENRY et al., Respondents, v JANE PLOTKA, Defendant and Third-Party Plaintiff-Respondent, and NOCK BROTHER FINE LANDSCAPING SERVICE, Appellant. UNITED PARCEL SERVICE, Third-Party Defendant. [665 NYS2d 542] —In an action to recover damages for personal injuries, etc., the defendant Nock Brother Fine Landscaping Service appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated March 7, 1997, which denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

Nock Brother Fine Landscaping Service has demonstrated its prima facie entitlement to judgment as a matter of law with respect to the assertion that it committed no acts of negligence in snow plowing certain residential premises (*see, Gentile v Rotterdam Sq.,* 226 AD2d 973; *Kay v Flying Goose,* 203 AD2d 332; *see also, DeCurtis v T. H. Assocs.,* 241 AD2d 536; *cf., Autrino v Housrath's Landscape Maintenance,* 231 AD2d 943). The materials submitted in opposition to the motion failed to

raise any genuine issues of triable fact. A "shadowy semblance of an issue or bald conclusory allegations, even if believable, are insufficient" to defeat a motion for summary judgment (*Kazakius v Bistricer,* 180 AD2d 666; *see, Andre v Pomeroy,* 35 NY2d 361, 364; *see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *see also, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Colonial Commercial Corp. v Breskel Assocs.,* 238 AD2d 539). Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.