■ Virginia A. Roesch et al., Respondents, v Donald J. Hillick, Doing Business as Grow & Mow, et al., Appellants. [668 NYS2d 787] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Plaintiffs commenced this action to recover for injuries Virginia A. Roesch (plaintiff) allegedly sustained when she slipped and fell on snow and ice in the parking lot of her employer, Miller Brewing Co. (Miller). At the time of the accident, defendant Donald J. Hillick, doing business as Grow & Mow (Grow & Mow), had an agreement with Miller to plow, salt and remove snow from the parking lot. Defendants Pinkerton's Security Systems, Inc., and Pinkerton's, Inc., doing busi-

ness as Pinkerton's Security and Investigation Services (collectively, Pinkerton's), had an agreement to provide security at the Miller plant.

Supreme Court erred in denying defendants' motions for summary judgment dismissing the complaint. Grow & Mow established as a matter of law that it did not assume a duty of reasonable care to plaintiff by virtue of its snow removal contract with Miller (*see, Autrino v Hausrath's Landscape Maintenance*, 231 AD2d 943, *lv denied* 89 NY2d 812; *Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 826).

Because Pinkerton's failed to submit its entire agreement with Miller, it failed to meet its burden of establishing that it did not assume "a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff" (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226; *see, Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579). Pinkerton's, however, established its entitlement to summary judgment by submitting proof that, at the time plaintiff fell, a snow storm was in progress. Pinkerton's "had no duty to take corrective action during the progress of the storm" (*Siegel v Molino*, 236 AD2d 879). Plaintiffs' submissions in opposition to the motion fail to raise a triable issue of fact whether Pinkerton's had a reasonable opportunity to correct the hazardous condition (*see, Lopez v Picotte Cos.*, 223 AD2d 823, 824; *Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667) or whether any action taken by Pinkerton's exacerbated the natural hazard created by the storm (*see, Marrone v Verona*, 237 AD2d 805, *lv dismissed* 90 NY2d 885, *rearg denied* 91 NY2d 849; *Gentile v Rotterdam Sq.*, 226 AD2d 973, 974). (Appeals from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Green, J. P., Hayes, Callahan, Balio and Fallon, JJ.