■ MARGARET ARMBRUSTER, Appellant, v IN THE WOODS ASSOCIATION, INC., et al., Respondents. [672 NYS2d 205] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured when she slipped and fell on a patch of black ice on the sidewalk outside her daughter's townhouse. She commenced this negligence action against the homeowners' association, defendant In the Woods Association, Inc. (Association), and the snow removal contractor, defendant Tim Kerr Landscaping (Kerr). Supreme Court properly granted the motion of Kerr for summary judgment dismissing the complaint against it. Kerr did not assume a duty of care to plaintiff by virtue of its snow removal contract with the Association (*see, Roesch v Hillick,* 247 AD2d 927; *Pieri v Forest City Enters.,* 238 AD2d 911; *Autrino v Hausrath's Landscape Maintenance,* 231 AD2d 943, *lv denied* 89 NY2d 812). There is no proof that plaintiff detrimentally relied upon the continued performance

by Kerr of its obligations under its contract, or that Kerr had any independent duty to protect plaintiff (*see, Phillips v Young Men's Christian Assn.,* 215 AD2d 825, 826). However, because it cannot be said as a matter of law that the Association assumed no responsibility or control over the icy sidewalk, the court erred in granting the motion of the Association for summary judgment dismissing the complaint against it (*cf., Barnes v Stone-Quinn,* 195 AD2d 12, 16; *Hoberman v Kids "R" Us,* 187 AD2d 187, 190-191; *McGill v Caldors, Inc.,* 135 AD2d 1041, 1043). While the Association argues that, under its corporate documents, individual homeowners are exclusively responsible for applying calcium, sand or salt to their sidewalks, there is proof that Kerr was responsible under its contract to make those applications at the direction of the Association. We do not consider the argument of the Association, raised for the first time on appeal, that it did not have actual or constructive notice of the icy condition. (Appeal from Order and Judgment of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.