■ JOHN ZONITCH et al., Appellants, v PLAZA AT LATHAM, L. L. C., et al., Respondents. [680 NYS2d 304] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keegan, J.), entered July 18, 1997 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff John Zonitch (hereinafter plaintiff) and his wife, derivatively, seek damages for injuries sustained by plaintiff when he slipped and fell, just inside the doors of defendants' mall, on a snowy day in December 1995. After issue was joined and some depositions conducted, defendants moved for summary judgment, arguing, *inter alia,* that they had no duty to remedy the slippery condition—which was evidently caused by snow and slush tracked into the mall by patrons—until after the ongoing snowstorm subsided, and that in any event the repeated mopping and wet-vacuuming of the doormats by mall personnel satisfied any duty they may have had in this respect. Supreme Court agreed and dismissed the complaint, prompting this appeal by plaintiffs.

We affirm. Plaintiffs' argument that the "storm in progress" doctrine (*see, e.g., Downes v Equitable Life Assur. Socy.,* 209 AD2d 769, 769-770; *Fusco v Stewart's Ice Cream Co.,* 203 AD2d 667, 668) is inapplicable, merely because plaintiff fell inside the mall entrance rather than outside, is unpersuasive (*cf., Kovelsky v City Univ.,* 221 AD2d 234, 235; *Keir v State of New York,* 188 AD2d 918, 919). It is undisputed that the slippery condition that brought about plaintiff's fall was a direct consequence of the ongoing inclement weather; like icy sidewalks and snow-covered parking lots, a wet, slippery entranceway, caused by tracked-in snow and slush, is a reality of winter weather which a landowner ordinarily is not required to rectify

until the underlying weather condition has abated (*see, Goldman v State of New York*, 158 AD2d 845, 846, *appeal dismissed* 76 NY2d 764).

Nor is there any proof that defendants' mopping and vacuuming efforts "created or aggravated a hazardous condition in the area where [plaintiff] fell" (*Marrone v Verona*, 237 AD2d 805, 806, *lv dismissed* 90 NY2d 885) such that liability might be predicated on that ground (*see, Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994). Although a nonparty eyewitness to the incident stated, in his written statement, that the custodians' clean-up activities "spread the water around over a bigger area", there is no probative evidence that their efforts actually increased the danger in the particular place where plaintiff fell (*cf., Gentile v Rotterdam Sq.*, 226 AD2d 973, 974). Notably, the same witness also testified, in his deposition, that at the time of the accident, that portion of the floor was covered with "slush from people's boots that they were walking in", belying any suggestion that the fall was precipitated by water deposited there during defendants' efforts to remedy the situation.

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.