■ JAMES R. SHAUGHNESSY et al., Respondents, v UNITED REFINING COMPANY, INC., Appellant. [690 NYS2d 165] —Cardona, P. J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered August 24, 1998 in Madison County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff James R. Shaughnessy (hereinafter plaintiff) was allegedly injured on December 14, 1995 when he slipped and fell on a wet floor in defendant's convenience store. Thereafter, plaintiff and his spouse, derivatively, commenced this negligence action alleging that the floor was in a dangerously wet and slippery condition which caused the fall. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion resulting in this appeal.

The record discloses that it snowed on the day of the accident and approximately six inches of snow had accumulated on the ground. Defendant's customers had tracked snow into

the store resulting in the store's floor mats becoming saturated with water. In late afternoon, the only employee on duty in the store attempted to dry the mats with a wet vacuum to no avail. The employee thereafter obtained the store manager's permission to remove the soaked mats so that the moisture could be mopped directly from the floor. At approximately 8:30 P.M., plaintiff entered the store while the employee was in the process of mopping the floor just inside the front door. Plaintiff was orally warned by the employee of the danger posed by the wet floor. A sign posted by the entrance also warned customers that the floor was wet. After leaving the checkout counter, plaintiff slipped and fell while walking toward the door.

Initially, we note that while the wet condition of the floor was the direct result of snow that had been tracked in from outside, the record does not indicate when the storm subsided, thus precluding any findings concerning the reasonableness of defendant's efforts in abating the hazard (*compare*, *Zonitch v Plaza at Latham*, 255 AD2d 808, 808-809). Likewise, absent further detail concerning the amount of moisture on the floor, the manner in which the floor was mopped and the condition of the mats, it is impossible to determine whether the store employee may have, in fact, exacerbated the dangerous condition by removing the mats (*compare*, *id.*, at 809; *Marrone v Verona*, 237 AD2d 805, 806, *lv dismissed* 90 NY2d 885). Inasmuch as the record leaves unresolved questions of fact, Supreme Court properly denied defendant's motion for summary judgment.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.