■ MARION DISANO et al., Respondents-Appellants, v KBH CONSTRUCTION CO., INC., et al., Respondents-Respondents, and K-MART, Appellant-Respondent. [721 NYS2d 200] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action seeking damages for personal injuries sustained by Marion DiSano (plaintiff) when she allegedly slipped on ice and fell in a parking lot owned by defendant The Widewaters Group, d/b/a Hard Road Association (Widewaters), and leased to defendant K-Mart. Plaintiffs testified at their depositions that plaintiff fell near the curb of the parking lot when she slipped on accumulated snow or slush that had iced

over. Widewaters had contracted with defendant KBH Construction Co., Inc. (KBH) for snow removal services.

Supreme Court properly denied that part of the cross motion of K-Mart seeking summary judgment dismissing the complaint against it. The court erred, however, in granting that part of the cross motion of Widewaters seeking summary judgment dismissing the complaint against it. K-Mart and Widewaters each failed to meet its initial burden of establishing that it did not have constructive notice of the hazardous condition (*see, Duman v City of Buffalo,* 269 AD2d 848, 849; *Jordan v Musinger,* 197 AD2d 889; *see generally, Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838). Moreover, Widewaters was not entitled to summary judgment because it failed to include a copy of its answer in its papers in support of the cross motion (*see,* CPLR 3212 [b]; *Hamilton v City of New York,* 262 AD2d 283; *Lawlor v County of Nassau,* 166 AD2d 692).

The court properly granted that part of the motion of KBH seeking summary judgment dismissing the complaint against it. Plaintiffs allege that KBH was negligent in failing to perform its contractual obligations to remove snow and apply salt to the area. The contract between KBH and Widewaters for snow removal services "was not the type of comprehensive and exclusive property maintenance obligation * * * [that] the parties could reasonably expect to displace [Widewaters'] duty as a landowner to maintain the property safely" (*Phillips v Young Men's Christian Assn.,* 215 AD2d 825, 826). KBH "did not assume 'a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff' " by virtue of its snow removal contract (*Phillips v Young Men's Christian Assn., supra,* at 826, quoting *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226; *see, Murphy v Ogletree,* 266 AD2d 860; *Armbruster v In the Woods Assn.,* 249 AD2d 980; *Roesch v Hillick,* 247 AD2d 927, 928, *lv denied* 92 NY2d 808), nor do plaintiffs allege that KBH was affirmatively negligent by creating or increasing a risk of harm (*cf., Sarata v T & T Constr.,* 277 AD2d 1038; *Genen v Metro-North Commuter R. R.,* 261 AD2d 211, 212-215).

The court erred in denying that part of the cross motion of K-Mart for summary judgment on its cross claim seeking contractual indemnification from Widewaters. K-Mart met its initial burden, and Widewaters failed to raise a triable issue of fact. The lease agreement between K-Mart and Widewaters provided that Widewaters "shall keep [K-Mart] insured against all statutory and common law liabilities for damage to prop-

erty or injuries, including loss of life, sustained by any person or persons within or arising out of [common areas, including the sidewalks, parking areas, and curbs], whether caused by [K-Mart's] negligence or otherwise." In addition, Widewaters agreed "to defend, indemnify and hold [K-Mart] * * * harmless against any and all liabilities for damages for claims arising out of said common areas or [K-Mart's] use thereof, by reason of any act, action, neglect or omission on the part of" Widewaters or K-Mart. Based on the terms of the lease agreement, K-Mart is entitled to full contractual indemnification from Widewaters for this incident (*see, Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777; *Serino v Miller Brewing Co.* [appeal No. 2], 167 AD2d 917, 919; *Reeves v Welch,* 127 AD2d 1000, 1001-1002). The clear intention of the parties was to allocate to Widewaters the risk of liability arising from injury to persons in the common areas (*see, Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153-154).

Finally, the court properly granted that part of KBH's motion for summary judgment dismissing the cross claim of K-Mart for contractual indemnification. K-Mart relies upon the contract between KBH and Widewaters to support its cross claim against KBH. "As a third party seeking to enforce a contract, [K-Mart] had to establish that [it] was an intended beneficiary of the contract rather than merely an incidental beneficiary" (*Cole v Metropolitan Life Ins. Co.,* 273 AD2d 832, 833; *see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 43-44; *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655). K-Mart failed to meet that burden. In any event, even if K-Mart could enforce the contract, the contract provided for the indemnification of Widewaters, not K-Mart.

We therefore modify the order by denying in its entirety the cross motion of Widewaters and reinstating the complaint against it and granting that part of the cross motion of K-Mart for summary judgment on its cross claim seeking contractual indemnification from Widewaters. (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.