■■■ DANIEL O. KLEIN et al., Appellants, v WITNAUER TRUCKING CO., INC., Respondent, et al., Defendant. (Appeal No. 1.) [725 NYS2d 502] —Order unanimously affirmed without costs. Memorandum: Daniel O. Klein (plaintiff) sustained injuries when he slipped and fell on ice in the parking lot walkway of the plant where he was employed. Plaintiffs commenced this action alleging, *inter alia*, that Witnauer Trucking Co., Inc. (Witnauer) was negligent in failing to maintain the parking lot area by keeping it free of ice. With respect to the order in appeal No. 1, Supreme Court properly granted the motion of Witnauer seeking summary judgment dismissing the complaint and cross claim against it. Witnauer's contract for snow and ice removal with plaintiff's employer, General Mills, Inc. (Gen-

eral Mills), required Witnauer to remove snow and ice only upon request by General Mills. Witnauer did not assume a duty to prevent foreseeable harm to plaintiff pursuant to its snow and ice removal contract, "nor do plaintiffs allege that [Witnauer] was affirmatively negligent by creating or increasing a risk of harm" to plaintiff (*DiSano v KBH Constr. Co.*, 280 AD2d 951).

With respect to the order in appeal No. 2, we conclude that the court erred in granting the motion of defendant Pinkerton Security Services, Inc. (Pinkerton) for summary judgment dismissing the complaint against it. Pinkerton was responsible for, *inter alia*, checking for snow and ice and for calling Witnauer to plow and salt paved areas. Pinkerton "failed to prove that the ice formed so close in time to the accident that [it] could not reasonably have been expected to notice and remedy the condition" (*Jordan v Musinger*, 197 AD2d 889, 890) and thus failed to meet its initial burden of establishing that it lacked constructive notice of the icy condition that caused plaintiff to slip and fall (*see, Duman v City of Buffalo*, 269 AD2d 848, 849). Pinkerton's failure to make a prima facie showing of entitlement to judgment as a matter of law "requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Burns, JJ.