■ WALDEMAR RAMATOWSKI, Plaintiff, v CITY OF NEW YORK, Defendant, and MELWOOD CONSTRUCTION CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. NU-TECH CONSTRUCTION MANAGEMENT, INC., et al., Third-Party Defendants; THERMO DYNAMICS CORP. et al., Third-Party Defendants-Respondents; FIVE STAR ELECTRIC Co., Third-Party Defendant-Appellant. [725 NYS2d 569] —In an action to recover damages for personal injuries, the second third-party defendant Five Star Electric Co. appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated May 24, 2000, as denied its cross motion for summary judgment dismissing the second third-party complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the defendants third-party plaintiffs, second and third third-party plaintiffs, the cross motion is granted, the second third-party complaint and all cross claims insofar as asserted against the appellant are dismissed, and the second third-party action against the remaining second third-party defendants is severed.

The plaintiff, a roofer on a building construction project, allegedly was injured when he fell while walking down a staircase in the building. The second third-party defendant Five Star Electric Co. (hereinafter Five Star), established its prima facie entitlement to judgment as a matter of law dismissing the second third-party complaint and all cross claims insofar as asserted against it based upon common-law indemnification since there is no evidence that it was negligent or otherwise at fault for the injuries sustained by the plaintiff (*see, Martinez v Tishman Constr. Corp.,* 227 AD2d 298; *Brown*

*v Two Exch. Plaza Partners,* 146 AD2d 129, *affd* 76 NY2d 172; *see also, Colyer v K-Mart Corp.,* 273 AD2d 809; *Kennelty v Darlind Constr.,* 260 AD2d 443).

To establish a prima facie case in a slip-and-fall action, the plaintiff must show that the defendant either had actual or constructive notice of the dangerous condition which allegedly caused the accident, or created the condition (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Gordon v American Museum of Natural History,* 67 NY2d 836). To constitute constructive notice, a defect must be visible and apparent and it must have existed for a sufficient length of time prior to the accident to permit the defendant or its employees to discover and remedy it (*see, Blaszczyk v Riccio,* 266 AD2d 491; *Freeman v Cobos,* 240 AD2d 698). Five Star demonstrated that it neither created the allegedly defective condition complained of, nor had actual or constructive notice of it. The mere speculation by the opponents of the motion as to the cause of the defective condition is insufficient to defeat a motion for summary judgment (*see, Scheer v Roth,* 280 AD2d 595; *Mehring v Cahill,* 271 AD2d 415). Accordingly, the Supreme Court erred in denying Five Star's motion for summary judgment dismissing the second third-party complaint and all cross claims insofar as asserted against it. Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.