■ DANIEL G. CAPPOLA, SR., et al., Respondents, v MICHAEL'S BANQUET FACILITY, Appellant. [778 NYS2d 645]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 14, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries sustained by Daniel G. Cappola, Sr. (plaintiff) when he slipped and fell in defendant's parking lot. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. In support of its motion, defendant contended that there was a storm in progress at the time of the accident, but defendant failed to establish as a matter of law that there was in fact a storm in progress (*cf. Swartz v Liberatore,* 254 AD2d 692, 693 [1998]). To the contrary, the deposition testimony of plaintiff and of defendant's President conflicted on the issue whether there had been any snowfall on the day of the accident, which occurred at approximately 6:30 P.M. Moreover, defendant failed to establish as

a matter of law that there was a significant snowfall on the day before the accident and that it did not have a reasonable opportunity to clear away the snow. Even if there was a snowstorm the day before the accident, "[o]nce there is a period of inactivity after cessation of the storm, it becomes a question of fact as to whether the delay in commencing the cleanup was reasonable" (*Powell v MLG Hillside Assoc.*, 290 AD2d 345, 346 [2002]). Contrary to defendant's further contention, plaintiff testified at his deposition with respect to the cause of his fall, i.e., one or two inches of slush in the parking lot. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.