■ LILLY BLACKWOOD et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [828 NYS2d 354]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 7, 2005, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

There was no evidence that defendants had actual or constructive notice of the puddle or depression on the floor of the bus that allegedly caused plaintiff to slip and fall as she attempted to sit down. Since the storm was ongoing and plaintiff admitted she did not see the puddle or depression before she fell, there was no evidence that the condition existed for a "sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Moreover, property owners do not have a duty to clear away accumulated water until a reasonable time after the storm has ceased (*see Solazzo v New York City Tr. Auth.*, 21 AD3d 735 [2005], *affd* 6 NY3d 734 [2005]), a principle which has acute application to a moving bus with passengers.

Since plaintiffs failed to assert in their notice of claim, complaint or bill of particulars that a depression on the floor of the bus or the motion of the bus caused the fall, these theories of liability are precluded (*see Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411 [2004]). Furthermore, liability cannot be based on an alleged breach of the Transit Authority's internal rules, which may impose a duty higher than that actually owed to the public, namely, to exercise ordinary care commensurate with existing circumstances (*see Crosland v New York City Tr. Auth.*, 68 NY2d 165, 168 [1986]). Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Malone, JJ.