■ EDWARD A. GOODMAN, JR., Plaintiff, v CF GALLERIA AT WHITE PLAINS, LP, et al., Appellants, and FEDERATED DEPARTMENT STORES, INC., et al., Respondents. (Appeal No. 1.) EDWARD A. GOODMAN, JR., Plaintiff, v CF GALLERIA AT WHITE PLAINS, LP, et al., Respondents, and FEDERATED DEPARTMENT STORES, INC., et al., Appellants. (Appeal No. 2.) (And a Third-Party Action.) [833 NYS2d 617]—

In an action to recover damages for personal injuries, (1) the defendants CF Galleria at White Plains, LP, C.F. White Plains Associates, Cadillac Fairview Shopping Center Properties (New York), Inc., and the Cadillac Fairview Corporation Limited, appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated July 14, 2005, as denied that branch of their motion which was for summary judgment on the issues of contractual indemnification and attorneys' fees, and (2) the defendants Federated Department Stores, Inc., and Macy's East, Inc., doing business as Macy's, appeal, as limited by their brief, from so much of an order of the same court dated September 1, 2005, as denied that branch of their cross motion which was for summary judgment on the issues of common-law and contractual indemnification.

Ordered that the order dated July 14, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 1, 2005 is reversed insofar as appealed from, on the law and the facts, and that branch of the motion of the defendants Federated Department Stores, Inc., and Macy's East, Inc., doing business as Macy's, which was for summary judgment on the issues of common-law and contractual indemnification is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants Federated Department Stores, Inc., and Macy's East, Inc., doing business as Macy's.

Contrary to the Supreme Court's determination, the construction, operation, and reciprocal easement agreement (hereinafter the agreement) dated June 13, 1978, is not ambiguous. Thus, the parties' intent must be found within the four corners of the document and the question is one of law, which may be decided on a motion for summary judgment (*see Gora v D.I.D. Acquisition Co.*, 226 AD2d 425, 426 [1996]). Included within the definition of the term "common areas" are access and egress entrances, walkways, and landscaped and planting areas. Thus, the accident site was squarely within the area which the defendants CF Galleria at White Plains, LP, C.F. White Plains

Associates, Cadillac Fairview Shopping Center Properties (New York), Inc., and the Cadillac Fairview Corporation Limited (hereinafter collectively Galleria) were obligated to maintain. The fact that the defendants Federated Department Stores, Inc., and Macy's East, Inc., doing business as Macy's (hereinafter collectively Federated), did cosmetic work in the area in question did not relieve Galleria of this obligation. Nor does the record establish the existence of a triable issue of fact as to any potential active negligence of Federated which was a proximate cause of the incident in question. Based on the terms of the agreement, Federated is entitled to contractual indemnification from Galleria for this incident (*see generally Jasinski v City of New York*, 290 AD2d 237, 239 [2002]; *DiSano v KBH Constr. Co.*, 280 AD2d 951, 952-953 [2001]; *Reeves v Welch*, 127 AD2d 1000, 1001-1002 [1987]).

Evidence to the effect that Federated may have maintained the subject area after completing its cosmetic work is irrelevant in light of the no-waiver provision contained in the agreement (*see Renali Realty Group 3 v Robbins MBW Corp.*, 259 AD2d 682, 683 [1999]).

Inasmuch as no triable issue of fact exists as to whether Federated had a duty to maintain the subject area, Federated was entitled to summary judgment on its claim for common-law indemnification (*see Ramatowski v City of New York*, 284 AD2d 318 [2001]).

The parties' remaining contentions are without merit. Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.