■ DELORES BOARMAN, Respondent, v SIEGEL, KELLEHER AND KAHN et al., Appellants, et al., Defendant. [837 NYS2d 822]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered September 1, 2006 in a legal malpractice action. The order, inter alia, denied that part of the motion of defendants Siegel, Kelleher and Kahn and Robert D. Steinhaus for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff retained defendant Siegel, Kelleher and Kahn (Siegel) to represent her in an action to recover damages for injuries she sustained when she slipped on the steps of a bus. Plaintiff thereafter commenced this legal malpractice action against, inter alia, Siegel and defendant Robert D. Steinhaus (collectively, defendants) alleging that they failed to file a notice of claim and commence an action on her behalf in a timely manner. Defendants moved for, inter alia, summary judgment dismissing the complaint against them on the ground that

plaintiff could not have prevailed in the underlying action and thus could not establish that defendants' negligence " 'prevented [her] from being properly compensated for [her] loss' " (*Nazario v Fortunato & Fortunato, PLLC*, 32 AD3d 692, 696 [2006]). According to defendants, there was a storm in progress when plaintiff fell, and the defendants in the underlying action therefore could not be held liable to plaintiff.

As a preliminary matter, we note that plaintiff is correct that the notice of appeal is defective inasmuch as it describes the appeal as having been taken from a judgment. No judgment was issued, and defendants actually are appealing from an order entered in September 2006. That order is the only order issued by Supreme Court in this action, and we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from that order (*see* CPLR 5520 [c]; *Kimmel v State of New York*, 38 AD3d 1155 [2007]).

We conclude that the court properly denied that part of the motion for summary judgment dismissing the complaint against defendants. We agree with defendants that the storm in progress rule may apply despite the allegation of plaintiff that she slipped inside the bus rather than in an outdoor area (*see Zonitch v Plaza at Latham*, 255 AD3d 808 [1998]; *see also Blackwood v New York City Tr. Auth.*, 36 AD3d 522 [2007]; *Spooner v New York City Tr. Auth.*, 298 AD2d 575 [2002]; *Hussein v New York City Tr. Auth.*, 266 AD2d 146 [1999]). Indeed, "[i]t would be unreasonable to expect the [owner or operator] to constantly clean the floor of its buses during an ongoing storm" (*Spooner*, 298 AD2d at 575-576). We agree with plaintiff, however, that defendants failed to establish their entitlement to judgment as a matter of law. Defendants' submissions establish that the storm had ended at the time of plaintiff's fall, and there is a triable issue of fact whether a reasonable period of time had passed since the abatement of the storm to impose a duty on the defendants in the underlying action to rectify the alleged slippery condition on the stairs (*see Williams v Scruggs Community Health Care Ctr.*, 255 AD2d 982 [1998]; *cf. Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Blackwood*, 36 AD3d 522 [2007]; *Zonitch*, 255 AD2d at 808-809). "Once there is a period of inactivity after cessation of the storm, it becomes a question of fact as to whether the delay in commencing the cleanup was reasonable" (*Powell v MLG Hillside Assoc.*, 290 AD2d 345, 346 [2002]; *see Cappola v Michael's Banquet Facility*, 8 AD3d 1100 [2004]). We have considered defendants' remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Martoche, Centra, Fahey and Peradotto, JJ.