■ Jo-Ann Evans-Smith et al., Respondents, v Wilmorite, Inc., et al., Respondents, and Kaufmann's Carousel, Inc., et al., Appellants, et al., Defendant. [876 NYS2d 599]—

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered August 20, 2008 in a personal injury action. The order denied the motion of defendant May Department Stores Company, incorrectly sued as Kaufmann's Carousel, Inc. and May Department Stores International, Inc., for summary judgment on its contractual indemnification cross claim against defendants Wilmorite, Inc. and Eastview Mall Holdings, LLC.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jo-Ann Evans-Smith (plaintiff) when she slipped and fell on an icy sidewalk outside an entrance to Kaufmann's Department Store at Eastview Mall. Supreme Court erred in denying the motion of defendant May Department Stores Company, incorrectly sued as Kaufmann's Carousel, Inc. and May Department Stores International, Inc. (hereafter, Kaufmann's) seeking summary judgment on its cross claim for contractual indemnification against defendants Wilmorite, Inc. and Eastview Mall Holdings, LLC (hereafter, Wilmorite). Kaufmann's met its initial burden of establishing its entitlement to judgment under the terms of the third amended and restated construction, operation and reciprocal easement agreement (Third REA). The indemnification provision in the Third REA requires Wilmorite to indemnify Kaufmann's for, inter alia, liability for bodily injury arising out of accidents occurring on any part of the "common facilities," including sidewalks. The Third REA further provides that Wilmorite is obligated to maintain the common facilities and, pursuant to that obligation, it agreed that "all sidewalks shall be kept reasonably free of snow [and] ice." Thus, based upon the terms of the Third REA, Kaufmann's is entitled to contractual indemnification from Wilmorite (*see Goodman v CF Galleria at White Plains, LP*, 39 AD3d 588, 590 [2007]). Evidence that Kaufmann's performed snow and ice removal in the area of plaintiff's fall does not raise an issue of fact with respect "to any potential active negligence of [Kaufmann's] which was a proximate cause of the incident in question" (*id.*). Nor does that evidence raise an issue of fact with respect to the maintenance obligation of Wilmorite under the Third REA, particularly "in light of the no-waiver provision contained in the agreement" (*id.*). Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.