*504 This case arises from an incident in which defendant John Salvato, an off-duty detective, fired multiple shots at a vehicle driven by plaintiff. Several rounds hit the vehicle, although none struck plaintiff, who was physically unharmed.
The jury’s verdict that Salvato did not violate New York City Police Department (NYPD) Patrol Guidelines by discharging his weapon at plaintiff was not against the weight of the evidence (see McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [1st Dept 2004]). Contrary to plaintiff’s contentions, Salvato never admitted that he violated the Guidelines. Moreover, in light of the consistent testimony of the three individual defendants that two shots were fired immediately before plaintiffs vehicle sped towards Salvato, nearly running him down, there was ample basis for the jury to find that Salvato was faced with, or reasonably thought he was faced with, gunfire, warranting a response with deadly physical force (see Johnson v City of New York, 15 NY3d 676, 681 [2010]). The fact that the Firearm Discharge Review Board determined that Salvato had violated NYPD firearm guidelines does not, in and of itself, serve as a predicate for liability in this negligence action (see Blackwood v New York City Tr. Auth., 36 AD3d 522 [1st Dept 2007]).
Since the post trial motion to set aside the verdict plainly lacked merit, we need not decide whether the trial judge’s assignment to another borough justified reassignment of the motion.
The trial court providently exercised its discretion in denying plaintiffs motion for a mistrial (see Heraud v Weissman, 276 AD2d 376, 377 [1st Dept 2000], lv denied 96 NY2d 705 [2001]). Defendants’ counsel had an evidentiary basis to ask plaintiff if he was associated with another person at the scene who had allegedly stolen a radio from the car of defendant Conway. Plaintiffs argument that the trial court erred in redacting a provision from the Patrol Guidelines regarding moving vehicles is unpreserved. Were we to consider this argument, we would find it unavailing. Concur — Tom, J.P., Saxe, Moskowitz, Gische and Clark, JJ.