Firment v Dick's Sporting Goods, Inc. (2018 NY Slip Op 02700)





Firment v Dick's Sporting Goods, Inc.


2018 NY Slip Op 02700


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525376

[*1]THERESE FIRMENT, Respondent,
v
DICK'S SPORTING GOODS, INC., Appellant.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


McGiveny, Kluger & Cook, PC, Syracuse (Eric M. Gernant II of counsel), for appellant.
Mainetti, Mainetti & O'Connor, PC, Kingston (John T. Casey Jr. of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Lambert, J.), entered April 7, 2017 in Delaware County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.
In August 2015, plaintiff slipped and fell on the floor near the entrance of defendant's store. Plaintiff thereafter commenced this action alleging that defendant was negligent by failing to maintain its property in a reasonably safe condition and that she was injured as a result of such negligence. Issue was joined and defendant thereafter moved for summary judgment dismissing the complaint. Plaintiff opposed the motion. Supreme Court denied the motion and defendant now appeals.
We affirm. "As the party seeking summary judgment, defendant bore the initial burden of demonstrating that it had maintained the property in a reasonably safe condition and that it did not create or have actual or constructive notice of the specific allegedly dangerous condition that resulted in plaintiff's injury" (Beck v Stewart's Shops Corp., 156 AD3d 1040, 1041 [2017]). "Constructive notice . . . requires that the defect be visible and apparent and has existed for a sufficient period of time prior to the accident to permit a defendant to discover it and take corrective action" (Torgersen v A & F Black Crack Realty, LLC, 158 AD3d 1042, 1042 [2018] [internal quotation marks, brackets and citations omitted]). Here, defendant failed to demonstrate prima facie entitlement to summary judgment, as its own submissions raise triable issues of fact (see Pasternak v County of Chenango, 156 AD3d 1007, 1008 [2017]).
Defendant's submissions establish that approximately 20 minutes prior to plaintiff's fall, defendant's employee mopped the area where plaintiff fell due to dog feces having been tracked into the store. After the employee mopped the area, he placed two 3½-foot-tall yellow caution signs, one in close proximity to the entrance door, which plaintiff walked directly by when she entered the store. Deposition testimony of several witnesses and a surveillance video established that the floor was extremely wet. One witness, who assisted plaintiff after her fall, stated that the floor was so wet that plaintiff could not get enough traction to get up off the floor. This witness asked for paper towels to dry the floor around plaintiff and only after doing so was plaintiff able to get off the floor. This testimony expressly contradicted the affidavit of the employee who completed the mopping. Therefore, issues of material fact were raised as to whether defendant kept the entrance in a reasonably safe condition, created the condition or had actual or constructive notice of the condition (see McMullin v Martin's Food of S. Burlington, Inc., 122 AD3d 1103, 1104 [2014]; Knapp v Golub Corp., 72 AD3d 1260, 1262 [2010]). Further, the presence of the warning signs does not prima facie establish entitlement to summary judgment as there is a question of fact as to the adequacy of the warning, particularly given the otherwise dry conditions outside, the placement and height of the signs and the heavy customer traffic where the signs were set (compare Scherer v Golub Corp., 101 AD3d 1286, 1287-1288 [2012]). Inasmuch as defendant's submissions leave unresolved questions of fact, Supreme Court properly denied defendant's motion for summary judgment (see Shaughnessy v United Ref. Co., 261 AD2d 707, 708 [1999]).
Egan Jr., J.P., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.