Patricola v General Motors Corp. (2019 NY Slip Op 01902)





Patricola v General Motors Corp.


2019 NY Slip Op 01902


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


159 CA 18-01557

[*1]STEVEN M. PATRICOLA, PLAINTIFF-RESPONDENT,
v
GENERAL MOTORS CORPORATION, GM POWERTRAIN, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. 






SUGARMAN LAW FIRM, BUFFALO (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered November 22, 2017. The order, among other things, denied the motion of defendants General Motors Corporation and GM Powertrain for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this premises liability action seeking damages for injuries he allegedly sustained when he slipped on a walkway on property owned by defendants-appellants (defendants). Defendants appeal from an order that, inter alia, denied their motion for summary judgment dismissing the complaint against them. We affirm.
Contrary to their contention, defendants failed to establish their entitlement to summary judgment based on the storm in progress doctrine. It is well settled that "[a] landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after cessation of the storm" (Cerra v Perk Dev., 197 AD2d 851, 851 [4th Dept 1993]; see Baia v Allright Parking Buffalo, Inc., 27 AD3d 1153, 1154 [4th Dept 2006]). But "if the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied" (Mazzella v City of New York, 72 AD3d 755, 756 [2d Dept 2010] [internal quotation marks omitted]; see Rabinowitz v Marcovecchio, 119 AD3d 762, 762 [2d Dept 2014]; Boarman v Siegel, Kelleher & Kahn, 41 AD3d 1247, 1248 [4th Dept 2007]). Here, defendants' own submissions, which included deposition testimony establishing that snow removal efforts had been underway for more than an hour prior to plaintiff's accident and that only a negligible amount of snow had accumulated in the three hours prior to the accident, raise a triable issue of material fact whether the storm had sufficiently abated to preclude application of the doctrine (see Boarman, 41 AD3d at 1248). Further, defendants submitted deposition testimony establishing that, prior to plaintiff's accident, workers were removing snow in the area of the walkway where plaintiff fell and should have salted that walkway, but may not have adequately done so. Thus, triable issues of fact exist whether defendants created or had actual or constructive notice of the slippery condition (see Santiago v Weisheng Enters. LLC, 134 AD3d 570, 571 [1st Dept 2015]; De La Cruz v Lettera Sign & Elec. Co., 77 AD3d 566, 566 [1st Dept 2010]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court