■ PAUL PTASZNIK, as Executor of the Estate of SAM ·MONETA, Deceased, Respondent, v RUBIN SCHULTZ et al., Appellants. [637 NYS2d 469] —In an action, *inter alia*, to recover damages for conversion and breach of fiduciary duties, the defendants appeal from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Rutledge, J.), dated December 23, 1994, as granted the branches of the plaintiff's motion for summary judgment which were to recover the principal sum of $100,000 from the defendant Gary Schultz and to recover the principal sum of $90,000 from the defendant Rubin Schultz, and dismissed each defendant's counterclaim for defamation.

Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting the branches of the plaintiff's motion which were to recover the principal sum of $100,000 from the defendant Gary Schultz and to recover the principal sum of $90,000 from the defendant Rubin Schultz, and substituting therefor a provision denying those branches of the plaintiff's motion, and (2) by deleting the second decretal paragraph thereof; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in light of our determination herein.

The plaintiff's decedent, Sam Moneta, commenced this action, *inter alia*, to recover money allegedly converted by the defendants Rubin Schultz, his accountant, and Gary Schultz, his attorney, who are, respectively, father and son. The Supreme Court, *inter alia*, granted the branches of the plaintiff's motion for summary judgment which were to recover the principal sum of $100,000 from Gary Schultz and to recover the principal sum of $90,000 from Rubin Schultz, and to dismiss the defendants' respective counterclaims for defamation, finding that the sums were loans which Moneta had made to the defendants which they had failed to repay, and

not gifts, as the defendants claimed. Moneta died sometime after the date of the order and judgment.

It is well established that summary judgment should only be granted where there are no material and triable issues of fact (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). It is equally well established that issue finding, as opposed to issue determination, is the key to summary judgment (*see, Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 261) and that the papers should be scrutinized carefully in the light most favorable to the party opposing the motion (*see, Robinson v Strong Mem. Hosp.*, 98 AD2d 976).

In the instant case, there is a triable issue of fact as to whether the transactions were loans or gifts. While the plaintiff tendered evidence indicating that they may have been loans, the defendants met their burden in opposing the motion by producing evidence, in the form of a letter signed by the plaintiff and given to a mortgage company, indicating that the transactions may have been gifts. Accordingly, it was error for the Supreme Court to grant summary judgment to the plaintiff with respect to the disputed transactions.

However, we find that the Supreme Court properly dismissed the defendants' counterclaims for defamation. Contrary to the defendants' contentions, a qualified privilege existed regarding the challenged statements that the defendants had converted the money given to them by Moneta (*see, Liberman v Gelstein*, 80 NY2d 429, 437). Although the shield provided by a qualified privilege can be pierced by a showing that the speaker spoke with malice (*see, Liberman v Gelstein, supra*, at 437), mere conclusory allegations or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege (*see, Hollander v Cayton*, 145 AD2d 605; *Garson v Hendlin*, 141 AD2d 55, 63-64). In the instant case, the defendants failed to present proof sufficient to meet their burden of showing that the plaintiff spoke with malice.

The defendants' remaining contentions are without merit. Balletta, J. P., Miller, O'Brien and Sullivan, JJ., concur.