■ JACK GORA, Appellant, v D.I.D. ACQUISITION Co., INC., et al., Respondents. [641 NYS2d 59] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), entered July 14, 1995, as denied his motion for partial summary judgment compelling the defendant Sholom Drizen to transfer ownership of the disputed shares of stock to him, and awarding him interest of $79,981.24 payable by the defendant D.I.D. Acquisition Co., Inc.

Ordered that the order is reversed insofar as appealed from, with costs, and the plaintiff's motion for partial summary judgment compelling the defendant Sholom Drizen to transfer ownership of the disputed shares of stock to him, and awarding him interest of $79,981.24 payable by the defendant D.I.D. Acquisition Co., Inc., is granted.

Contrary to the court's conclusion, the April 27, 1990 agreement between the plaintiff and the defendant Sholom Drizen was clear and unambiguous. Thus, the parties' intent must be found within the four corners of the document and the question is one of law, which may be decided on a motion for summary judgment (see, *Magnolia Dev. Corp. v Lockwood*, 160 AD2d 774, 776-777; *Oak Bee Corp. v Blankman & Co.*, 154 AD2d 3, 7; *Holiday Mgt. Assocs. v New York Inst. of Technology*, 149 AD2d 462, 466). Drizen clearly and unambiguously agreed to transfer ownership of 400 of his 800 shares of the defendant D.I.D. Acquisition Co., Inc. (hereinafter D.I.D.), as well as ownership of the subject debenture to the plaintiff. Therefore, the plaintiff is entitled to partial summary judgment as against Drizen insofar as he sought to compel Drizen to transfer ownership of the disputed shares to him.

Moreover, once ownership of the D.I.D. debenture at issue was transferred to the plaintiff, he was entitled to receive the interest payments thereon as provided for in the debenture. Since it is not disputed that D.I.D., without the plaintiff's permission, paid $27,481.18 of the total interest due on that debenture to a third party, and held another $52,500.06 in interest payments on the same debenture in escrow, the plaintiff is entitled to partial summary judgment against D.I.D. with respect to his right to receive such interest payments. Miller, J. P., Joy, Hart and Krausman, JJ., concur.