■ PETER J. LUCAS, Appellant, v BARBARA KANDIS et al., Respondents. [757 NYS2d 86] —In an action, inter alia, to enjoin the defendants from obstructing a right-of-way easement, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 22, 2002, which denied his motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff sought to enjoin his neighbors from using a right-of-way easement shared in common by all owners and occupants of 11 parcels of property. Specifically, the plaintiff contends, and the defendants do not dispute, that the defendants maintain a fence which encroaches two feet into the common driveway and park vehicles on it. The Supreme Court denied the plaintiff's motion for summary judgment and he appeals.

Express easements, such as the one at bar, are defined by the intent or object of the parties (*see Lewis v Young,* 92 NY2d 443 [1998]). Here, the clear object of the easement is to ensure that each parcel owner has use of the common driveway for convenient ingress and egress to his or her parcel. We agree with the Supreme Court that there is an issue of fact as to whether the defendants' fence and parked vehicles are intru-

sions of a sufficiently minimal nature that they should not be enjoined as long as they do not substantially interfere with the plaintiff's right of ingress and egress to his property via the easement (*see Hoeffner v Frank,* 302 AD2d 428 [2003]; *Wilson v Palmer,* 229 AD2d 647 [1996]; *Karlin v Bridges,* 172 AD2d 644 [1991]; *Minogue v Kaufman,* 124 AD2d 791 [1986]). Santucci, J.P., Smith, Luciano and Cozier, JJ., concur.