DANIEL G. DeMATO et al., Respondents, v BARRY MALLIN et al., Appellants. [890 NYS2d 595]—

The parties are all homeowners residing in a subdivision in the Town of Southold. The subdivision map, which was filed in 1922, contains a so-called "paper" street, known as Bayberry Road, which is located on property now owned by the defendants. In August 2000 the defendants applied to the town tax assessor for a certificate of abandonment (hereinafter the certificate) pursuant to Real Property Law § 335 (3). This section permits the abandonment of a subdivision or portion thereof, such as a "paper" street, "without [the] consent" of other landowners in the subdivision, provided that 20 years or more have elapsed since the subdivision map was filed, the road has not been opened, is not a public highway, is not used by the public, and is not necessary for the use of owners within the subdivision. On September 14, 2000 the town tax assessor issued the certificate, which "de-mapped" Bayberry Road.

In 2001 the plaintiffs commenced this action seeking, inter alia, to assert their rights to an easement over Bayberry Road. The defendants interposed an answer wherein they alleged, among other things, that the certificate extinguished the purported roadway and any implied easements thereover. In a reply to the counterclaims contained in the answer, dated October 15, 2001, the plaintiffs asserted, inter alia, an affirma-

tive defense that "[d]efendants have failed to comply with the requirements of Real Property Law § 335."

In 2008 the defendants moved for summary judgment based upon the certificate. The plaintiffs cross-moved for leave to amend their complaint to assert a cause of action for a judgment declaring that the certificate is invalid, contending that the certificate had been obtained in violation of Real Property Law § 335 inasmuch as Bayberry Road was used by the plaintiffs and other members of the subdivision. The defendants contended, among other things, that such a cause of action was time-barred. The Supreme Court denied the defendants' motion for summary judgment and granted the cross motion for leave to amend the complaint. The court also directed that the Town be joined as a party. We affirm the order insofar as appealed from.

Under the circumstances of this case, the Supreme Court properly directed that the Town be joined as a defendant in order to accord complete relief between the parties (*see* CPLR 1001 [a], [b]; *Matter of Lazzari v Town of Eastchester,* 62 AD3d 1002 [2009]; *see also Matter of Lezette v Board of Educ., Hudson City School Dist.,* 35 NY2d 272, 282 [1974]). The court also properly exercised its discretion in granting the plaintiffs leave to amend their complaint. Leave to amend a complaint shall be freely given (*see* CPLR 3025 [b]), and the decision as to whether to grant such leave is generally left to the sound discretion of the trial court (*see Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]). Moreover, the newly-asserted cause of action was not "palpably insufficient or patently devoid of merit" (*Lucido v Mancuso,* 49 AD3d 220, 222 [2008]; *see Trataros Constr., Inc. v New York City Hous. Auth.,* 34 AD3d 451 [2006]).

The defendants' remaining contentions are without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.