The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 *839 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiffs and the defendants own adjoining parcels of residential property in Suffolk County. At issue is a three-foot-wide strip of the defendants’ driveway which encroaches onto the plaintiffs’ property. The defendants purchased their property in 2006 from owners who had held title to the property since 1979. The plaintiffs purchased their parcel in 2008. One of the previous owners of the plaintiffs’ property was Elizabeth Scifo. Scifo defaulted in the payment of her real estate taxes for the tax year 1997/1998 and, in December 1998, the Suffolk County Treasurer sold the property “at public auction” (a tax sale) to the County of Suffolk. By tax deed dated February 6, 2003, and recorded on February 11, 2003 (hereinafter the tax deed), the Suffolk County Treasurer conveyed the property to the County of Suffolk. In 2004 Scifo made an application to reacquire her property pursuant to Local Law No. 16-1976 of the County of Suffolk (hereinafter LL No. 16-1976), in exchange for the payment of her delinquent real estate tax bill, plus “all other taxes, penalties, interest, and any other charges due the County.” The Suffolk County Legislature resolution which authorized said sale stated it was a “deed transfer by redemption process” (emphasis added). By quitclaim deed dated May 10, 2004, and recorded on May 24, 2004 (hereinafter the 2004 deed), the County conveyed the property to Scifo pursuant to the resolution, “SUBJECT to all covenants, restrictions and easements of record, if any.”
Soon after the plaintiffs purchased the property, they commenced this action for a judgment declaring that a three-foot-wide strip of the defendants’ asphalt driveway and curbing encroached onto their property and for an injunction requiring the defendants to remove the encroachment. In their answer, the defendants alleged that the driveway had existed in its current condition for more than ten years, and that they and their predecessors-in-interest had used the driveway on a daily basis since 1979. The defendants also counterclaimed for a judgment declaring that they had a prescriptive easement over the portion of the driveway that encroached upon plaintiffs’ property, and to enjoin the plaintiffs from interfering with their use of the prescriptive easement.
The plaintiffs moved for summary judgment on the complaint and in connection with the counterclaims, arguing that the defendants’ claim to a prescriptive easement was extinguished by the tax sale and deed conveyance to Suffolk County in 2003.
*840 The Supreme Court granted the motion for summary judgment, determining that the alleged prescriptive easement did not survive the tax sale and deed conveyance in 2003; it reasoned that Scifo’s deadline to “redeem” her property was December 2001, so that the conveyance of the property back to her in 2004 “was not a redemption.” The defendants appeal, and we reverse.
Suffolk County, in effect, provides for two different time periods wherein a property owner may re-acquire his or her property after it has been “lost” due to delinquent real estate taxes. Pursuant to the Suffolk County Tax Act (hereinafter the SCTA), the Suffolk County Treasurer may hold a tax sale by public auction to enforce unpaid real estate taxes (see SCTA § 45). Suffolk County is empowered to purchase property sold at a tax sale (see SCTA § 46). The owner, or anyone having an interest in property sold at a tax sale, may redeem the property within 36 months of the tax sale by paying the sum for which the property was purchased, along with interest and penalties, to the Suffolk County Treasurer (see SCTA § 49 [a]). If the property is not redeemed within this 36-month period, the Suffolk County Treasurer conveys the property as an absolute estate in fee to the purchaser in the form of a tax deed (see SCTA § 53).
However, Suffolk County also provides a somewhat unusual procedure that affords a property owner a second chance to reacquire his or her property after a tax sale and deed conveyance. Under the prior version of the Suffolk County Administrative Code, which is applicable in this case, the property owner had nine months from the time the deed is recorded to apply for “redemption/release” of the property (see Local Law No. 16-1976 of the County of Suffolk §§ 1, 2). This redemption/ release procedure applies only where, as here, the property has been acquired by Suffolk County pursuant to SCTA § 46.
Accordingly, and contrary to the plaintiffs’ contention, delinquent tax property in Suffolk County cannot only be redeemed in the first 36 months after the tax sale. Indeed, the program by which Scifo reobtained her property is titled “Procedure for redemption of property under Suffolk County Tax Act” (see Suffolk County Administrative Code § A42-3 [emphasis added]). Moreover, in 2006, when the Suffolk County Legislature passed Local Law 39-2006 “to clarify and amend County Administrative Code provision pertaining to the implementation of County real property redemption procedures,” the law specifically stated that “this Legislature has previously recognized and reaffirmed on several occasions that former owners of property acquired by *841 the County by tax sale should be entitled to an opportunity to reacquire those properties [by a redemption procedure].” In addition, both this Court and the Court of Appeals have referred to the process by which property is recovered under LL No. 16-1976 as “redemption” (Johnson v Berger, 193 AD2d 784, 785-786 [1993]; see Sheehan v County of Suffolk, 67 NY2d 52, 57 [1986], cert denied sub nom. MacKechnie v County of Sullivan, 478 US 1006 [1986]). Thus, Scifo did “redeem” her property in 2004 pursuant to applicable local law.
As a general rule, the redemption of property means that a property owner reacquires the same property he or she previously owned. Here, the tax deed by which the County Treasurer conveyed the property to the County in February 2003 states that it conveyed “the title and interest [of Scifo] to whom said premises were assessed and appear heretofore to have belonged and of all other persons except the claims, if any, which the County or State have thereon for taxes or liens or incumbrances.” The tax deed also stated that the subject property was conveyed to the County “with the hereditaments and appurtenances to the same belonging to be located and laid out and possession acquired” by the County. Accordingly, the property was conveyed subject to the easement. In fact, the 2004 deed by which the County conveyed the property back to Scifo stated that the conveyance was “SUBJECT to all covenants, restrictions and easements of record, if any” (emphasis added). The 2004 deed also specified that it conveyed only the title as acquired by the County in February 2003, “TOGETHER with the appurtenances and all the estate and rights of [the County] in and to said premises.”
Therefore, even though the 2004 deed specifies that the conveyance was subject to any easements of record, and the easement here was not recorded, the 2004 deed still conveyed only that title which the County had acquired, i.e., with all appurtenances and restrictions, including any easement by prescription (see Will v Gates, 89 NY2d 778, 783 [1997]; Beutler v Maynard, 80 AD2d 982 [1981], affd 56 NY2d 538 [1982]). In other words, because the County was the purchaser here, and Scifo redeemed the property, she reacquired through the LL No. 16-1976 redemption process exactly what she previously owned: her property burdened with any easement that may have existed.
Moreover, it is a long-standing rule that private easements of light, air, and access of adjoining land owners that were lawfully acquired before the levying of a tax are not extinguished by a tax sale (see Tax Lien Co. of N.Y. v Schultze, 213 NY 9, 12 [1914]; *842 Beeman v Pawelek, 96 NYS2d 204, 218 [1949], affd 276 App Div 1057 [1950]; Wilkinson v Nassau Shores, 1 Misc 2d 917, 924 [1949], affd 278 App Div 970 [1951], affd 304 NY 614 [1952]; see also Queens Park Gardens, Inc. v Long Is. Water Corp., 277 App Div 1146 [1950]). Indeed, many jurisdictions in the United States adhere to the principle that an easement is not extinguished by a tax sale (see generally Holly Piehler Rockwell, Easement, Servitude, or Covenant as Affected by Sale for Taxes, 7 ALR5th 187).
Finally, it would be illogical to conclude that a property owner can invalidate an otherwise valid easement by defaulting in the payment of real estate taxes and then reacquiring the property through the redemption/release procedure. While it certainly would be extreme for a property owner to engage in such a process merely to undo an easement over a three-foot-wide strip of land, one could easily envision a situation where the owner of the servient estate might contemplate a tax default and redemption in order to rid itself of a more cumbersome easement. Nor is there merit to the plaintiffs’ contention that the defendants could have preserved their easement by simply paying Scifo’s back taxes and thus avoiding the tax sale. Such a conclusion assumes that the defendants were aware of Scifo’s default. The defendants would not have received any notice of such default and it is pure speculation to assume that they had such knowledge.
Accordingly, the Supreme Court erred in awarding summary judgment in favor of the plaintiffs on the basis that the prior tax sale and deed conveying their property to the County of Suffolk extinguished the defendants’ alleged easement. Moreover, there remain triable issues of fact as to whether the defendants’ predecessors-in-interest established a prescriptive easement before Scifo’s 1997/1998 tax default (see Beutler v Maynard, 80 AD2d 982, 982 [1981]; see also Pagano v Kramer, 21 NY2d 910 [1968]; see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.
Motion by the respondents on appeals from an order of the Supreme Court, Suffolk County, dated March 1, 2011, and a judgment of the same court dated November 9, 2011, to dismiss the appeal from the order on the ground that the right of direct appeal therefrom terminated upon entry of the judgment. By decision and order on motion of this Court dated March 8, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
*843 Upon the papers filed, in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
Ordered that the motion is denied as academic in light of our determination of the appeals (see Behar v Wiblishauser, 99 AD3d 838 [2012] [decided herewith]). Angiolillo, J.E, Belen, Roman and Sgroi, JJ., concur.