■ DANIEL G. DeMATO et al., Respondents, v BARRY MALLIN et al., Appellants, et al., Defendant. [5 NYS3d 500]—

In an action, inter alia, pursuant to RPAPL 871 for the removal of encroaching structures upon real property, the defendants Barry Mallin and Gail Kriegel Mallin appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated August 23, 2012, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Barry Mallin and Gail Kriegel Mallin which was for summary judgment dismissing the fifth cause of action insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

This action concerns a long-running dispute about an alleged easement over real property owned by the defendants Barry Mallin and Gail Kriegel Mallin (hereinafter together the Mallin defendants) (*see DeMato v Mallin*, 68 AD3d 711 [2009]). In their motion for summary judgment dismissing the complaint insofar as asserted against them, the Mallin defendants contended, among other things, that any right the plaintiffs had with respect to the disputed property was extinguished when the defendant Town of Southold issued a certificate of abandonment of the so-called "paper" street appearing on a subdivision map over which the plaintiffs claimed an easement (*see* Real Property Law § 335 [3]). The Supreme Court denied the Mallin defendants' motion, and the Mallin defendants appeal.

The Supreme Court correctly denied those branches of the Mallin defendants' motion which were for summary judgment dismissing the first four causes of action. The Mallin defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing those causes of action, as their own moving papers demonstrated the existence of a triable issue of fact as to whether they should be estopped from relying on the certificate of abandonment issued by the Town (*see GMAC, LLC v Ray*, 110 AD3d 1030, 1031 [2013]; *cf. BDCM Opportunity Fund II, LP v Yucaipa Am. Alliance Fund I, LP*, 112 AD3d 509, 511 [2013]). Since the Mallin defendants failed to establish their prima facie entitlement to summary judgment dismissing the first four causes of action, the Supreme

Court correctly denied those branches of their motion, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court erred, however, in denying that branch of the Mallin defendants' motion which was for summary judgment dismissing the fifth cause of action insofar as asserted against them, which sought a judgment declaring that the certificate of abandonment was void and therefore unenforceable. That cause of action was no longer viable, as the Town was a necessary party to that cause of action (*see DeMato v Mallin*, 68 AD3d at 712), and the complaint had been dismissed insofar as asserted against the Town on the ground that the statute of limitations had already run against the Town.

Contrary to the Mallin defendants' contention, the prior appeal in this case concerned only whether the Supreme Court had erred in granting the plaintiffs' cross motion for leave to amend the complaint to add the fifth cause of action, which was asserted against both the Mallin defendants and the Town. We did not hold that the Town was a necessary party with respect to the first four causes of action, which were asserted only against the Mallin defendants (*see id.*). Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.