# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

291
CA 14-01522
PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

DEMISSE TESSEMA, PLAINTIFF-APPELLANT,

V                                                     MEMORANDUM AND ORDER

CITY OF ROCHESTER, DEFENDANT-RESPONDENT.

---

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

T. ANDREW BROWN, CORPORATION COUNSEL, ROCHESTER (JOHN M. CAMPOLIETO OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (William
P. Polito, J.), entered November 6, 2013.  The order granted the
motion of defendant for summary judgment, dismissed the action and
denied the cross motion of plaintiff for partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying defendant's motion and
reinstating the complaint with the exception of any defamation claim
and as modified the order is affirmed without costs in accordance with
the following memorandum:  On November 15, 2007, plaintiff purchased a
parcel of real property at 430 Andrews Street in defendant, City of
Rochester, at a tax foreclosure sale.  Prior to that purchase, dating
back to the 1930's, the property at 430 Andrews Street had been used
as an automobile service station.  Furthermore, the property at 430
Andrews Street historically fronted on the "Northerly Branch of
University Avenue" and the "Southerly Branch of University Avenue"
(now Andrews Street).  On occasion, in order to access the gas pumps
on the property, vehicles drove across the "Northerly Branch of
University Avenue" because, according to plaintiff, it was not
feasible to enter and exit on Andrews Street.  In or about 1970,
defendant abandoned the "Northerly Branch of University Avenue" for
the use of traffic, and it then became a parking lot owned and used by
defendant with an address of 440 Andrews Street.  According to
plaintiff, after the "1970 abandonment," customers for the gas and
automobile service at 430 Andrews Street continued to drive across the
former "Northerly Branch of University Avenue."  In 1993, the former
owner of the property at 430 Andrews Street entered into an easement
agreement with defendant, which allowed defendant's property at 440
Andrews Street to be used by customers of 430 Andrews Street for
ingress and egress.  The agreement contained a clause providing that
the easement would terminate, as relevant here, upon
"[d]iscontinuation of the automobile service station [at 430 Andrews

Street] for a period of six (6) months." After plaintiff purchased the property in 2007, he was advised by defendant that the prior owner had abandoned any use of the property at 430 Andrews Street for a period of approximately 23 months and that the easement therefore had terminated by its own terms.

Plaintiff commenced this action seeking, inter alia, a declaration that he has an easement over defendant's lot. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on liability. We conclude that Supreme Court erred in granting defendant's motion but properly denied plaintiff's cross motion. We note at the outset that, even assuming, arguendo, that the complaint included a claim for defamation, we conclude that plaintiff abandoned any contention with respect to the propriety of the dismissal of such a claim by addressing it for the first time in his reply brief on appeal (*see Turner v Canale*, 15 AD3d 960, 961, *lv denied* 5 NY3d 702). We therefore modify the order by denying defendant's motion and reinstating the complaint except with respect to any defamation claim.

We conclude with respect to plaintiff's first two causes of action, seeking to enforce the easement, that there is a triable issue of fact whether the " 'conditional easement [was] extinguished by its own terms' " prior to plaintiff's purchase of 430 Andrews Street (*South Buffalo Dev., LLC v PVS Chem. Solutions, Inc*., 115 AD3d 1152, 1152-1153). Even assuming, arguendo, that defendant met its initial burden of proof, we conclude that plaintiff raised a triable issue of fact whether there was a "discontinuation" of automobile service at the property for six consecutive months because, according to plaintiff, the subject property was "still being used as an automobile service station shortly before [he] purchased it . . . and [he] observed people at the [s]tation, and vehicles, including a red car inside the [b]uilding, shortly before purchasing the [p]roperty in late 2007" (*cf. id.; see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

With respect to plaintiff's prescriptive easement theory, we cannot determine as a matter of law whether the municipal land at issue was designated for a public purpose and therefore was immune from a prescriptive easement (*see City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 125, *appeal dismissed* 58 NY2d 824). As was the case in *Ellicott Cr. Homeowners Assn.*, "not only has [defendant] not offered proof that it attempted to put the land to a public use," but the record in fact includes evidence of discussions that defendant had with private citizens regarding the "leasing of the land" (*id.*). Furthermore, even though the 1993 agreement comes after the alleged prescriptive time period, it recognizes the potential for a sale of the property by defendant (*see id.*).

We reject defendant's further contention that any prescriptive easement that may have existed was superseded by the 1993 written easement agreement (*see Kusmierz v Herman*, 172 AD2d 1056, 1056; *New York State Elec. & Gas Corp. v Persson*, 64 AD2d 194, 196, *lv denied* 46 NY2d 709), inasmuch as the easement agreement "did not necessarily

destroy a matured prescriptive right" (*Kusmierz*, 172 AD2d at 1056). Moreover, there are issues of fact regarding the existence of a prescriptive easement, specifically, whether permission to use defendant's property could " 'be inferred where . . . the relationship between the parties [was] one of neighborly cooperation and accommodation' " (*Taverni v Broderick*, 111 AD3d 1197, 1199).

We note our agreement with plaintiff that defendant's reliance on the Rochester City Code is misplaced inasmuch as plaintiff is not challenging administrative determinations made by defendant but, rather, is asserting that he has a valid easement over defendant's property.

Finally, we conclude with respect to plaintiff's remaining causes of action that neither plaintiff nor defendant met their respective burdens on their motion and cross motion for summary judgment (*see generally Zuckerman*, 49 NY2d at 562).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court