■ PETER HOFFMANN et al., Respondents, v DANIEL DELBEAU et al., Appellants. [33 NYS3d 289]—

In an action, inter alia, to enjoin the defendants from interfering with the plaintiffs' use of an easement, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Raffaele, J.), entered September 18, 2014, which, upon a decision of the same court dated March 7, 2014, granted the plaintiffs' motion for summary judgment on the complaint and enjoined the defendants from interfering with the plaintiffs' use of the easement.

Ordered that the order and judgment is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the complaint is denied.

The plaintiffs and the defendants own neighboring attached houses in Glendale. The deeds to both parcels of property contain reciprocal easements for rights-of-way over a common driveway located behind the houses. The easement provides, in relevant part, that "said strip or piece of land shall at all times hereafter continue to and be a private right of way and driveway for motor vehicles only for ingress and egress."

In August 2013, the plaintiffs commenced this action, inter alia, to enjoin the defendants from interfering with and obstructing the right-of-way and access to their property. The plaintiffs alleged that the defendants, by parking their vehicle in front of their own garage, blocked the plaintiffs' access to their property and interfered with their use of the right-of-way. After joinder of issue, the plaintiffs moved for summary judgment on the complaint. The defendants opposed the motion arguing that, although they parked a vehicle "in a sideway manner" on their driveway, they did not prevent the plaintiffs from using the right-of-way or gaining access to their property.

The Supreme Court granted the plaintiffs' motion, and the defendants appeal.

A right-of-way is a type of easement (*see Lewis v Young*, 92 NY2d 443, 449 [1998]). "Express easements are construed 'to give effect to the parties' intent, as manifested by the language of the grant' " (*Mitkowski v Marceda*, 133 AD3d 574, 575 [2015], quoting *Dowd v Ahr*, 78 NY2d 469, 473 [1991]). Where, as here, an easement provides for the ingress and egress of motor vehicles, it is granted in general terms and "the extent of its use includes any reasonable use necessary and convenient for the purpose for which it is created" (*Havel v Goldman*, 95 AD3d 1174, 1175 [2012]; *see Davi v Occhino*, 84 AD3d 1011 [2011]; *Albright v Davey*, 68 AD3d 1490, 1492-1493 [2009]). Where triable issues of fact exist concerning the intention of the grantor of the easement or whether a defendant's alleged obstructions or intrusions substantially interfered with a plaintiff's right of ingress and egress to his or her property, summary judgment should be denied (*see Lewis v Young*, 92 NY2d 443 [1998]; *Rebentisch v Donovan*, 21 AD3d 542, 543 [2005]; *Lucas v Kandis*, 303 AD2d 649, 649-650 [2003]; *Hulse v Mack*, 261 AD2d 580 [1999]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the affidavit of the plaintiff Peter Hoffmann and the deed containing the easement language (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). In opposition, however, the defendants raised triable issues of fact regarding, among other things, whether the parking of the defendants' vehicle in the manner they described was a reasonable use of the right-of-way and whether it substantially interfered with the plaintiffs' use of the right-of-way and access to their property (*see Lewis v Young*, 92 NY2d 443 [1998]; *Davi v Occhino*, 84 AD3d 1011 [2011]; *Rebentisch v Donovan*, 21 AD3d 542 [2005]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the complaint. Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.