Buroker v Phillips (2019 NY Slip Op 01386)





Buroker v Phillips


2019 NY Slip Op 01386


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-08206
 (Index No. 1112/16)

[*1]Robert A. Buroker, et al., appellants, 
v
Bryan R. Phillips, et al., defendants, Old Republic National Title Insurance Company, respondent.


Law Office of Vincent J. Trimarco, P.C., Smithtown, NY (Clare B. Connaughton of counsel), for appellants.
John Connor, Jr., Hudson, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a title insurance policy, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated June 22, 2017. The order granted the motion of the defendant Old Republic National Title Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and denied the plaintiffs' cross motion for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Old Republic National Title Insurance Company for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the plaintiffs.
In 2006, the plaintiffs purchased two unimproved lots of property in the County of Otsego from the defendants Gary J. Seymour and Jeffrey G. Seymour (hereinafter together the Seymour defendants). In addition to the description of the real property, the deed conveyed "an easement and right of way" to a private road owned by the Seymour defendants, known as Mountainview Lane (hereinafter the servient estate). It is undisputed that the servient estate was the only way for the plaintiffs to access their property from the nearest public road. In connection with the transaction, the plaintiffs purchased a policy of title insurance from the defendant Old Republic National Title Insurance Company (hereinafter Old Republic), dated January 17, 2007. The policy specifically insured against losses or damages sustained as a result of the plaintiffs' "[l]ack of a right of access to and from the land." The policy excluded from coverage "[d]efects, liens, encumbrances, adverse claims, or other matters . . . attaching or created subsequent to Date of Policy."
From 2010 to 2012, the Seymour defendants failed to pay taxes on the servient estate. The County of Otsego filed a petition and notice of foreclosure upon the tax liens, the servient estate was foreclosed upon and transferred to the County of Otsego, and the defendants Doreen L. Phillips and Bryan R. Phillips (hereinafter the Phillips defendants) acquired title to the servient estate by quitclaim deed from the County of Otsego dated September 16, 2013.
In 2015, the plaintiffs allegedly discovered that the Phillips defendants had erected a fence and locked gate over Mountainview Lane, blocking the plaintiffs' access to their property. They made a claim with Old Republic, which Old Republic denied. Shortly thereafter, the plaintiffs commenced this action seeking a defense and indemnification from Old Republic, and to recover damages from the Phillips defendants as well as the Seymour defendants. Old Republic moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-moved for summary judgment on the complaint insofar as asserted against Old Republic. The Supreme Court granted Old Republic's motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
Contrary to Old Republic's contention, if the plaintiffs acquired a valid easement appurtenant from the Seymour defendants in 2007, such easement would not have been extinguished by the 2013 tax sale (see Behar v Wiblishauser, 99 AD3d 838, 841; see also Tax Lien Co. of N.Y. v Schultze, 213 NY 9, 13). Thus, Old Republic's contention that the 2013 tax sale constituted a defect, lien, encumbrance, adverse claim or other matter "attaching or created subsequent to Date of Policy" within the meaning of the relevant policy exclusion is without merit, and cannot serve to establish Old Republic's prima facie entitlement to judgment as a matter of law. Since Old Republic has not articulated any other grounds in support of its motion for summary judgment dismissing the complaint insofar as asserted against it, its motion should have been denied.
The plaintiffs' remaining contention is without merit.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court