114 Woodbury Realty, LLC v 10 Bethpage Rd., LLC (2019 NY Slip Op 08813)





114 Woodbury Realty, LLC v 10 Bethpage Rd., LLC


2019 NY Slip Op 08813


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-12378
 (Index No. 1878/14)

[*1]114 Woodbury Realty, LLC, et al., respondents- appellants, 
v
10 Bethpage Rd., LLC, et al., appellants-respondents, et al., defendants.


Albanese & Albanese LLP, Garden City, NY (Diana C. Prevete of counsel), for appellants-respondents.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Michelle C. Englander of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that an alleged easement is the product of fraud and is not a valid and enforceable instrument, the defendants 10 Bethpage Rd., LLC, 50 Bethpage Rd., LLC, Ralph G. Potente, and Ralph J. Potente appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered October 14, 2016, and the plaintiffs cross-appeal from the same order. The order, insofar as appealed from, denied those branches of the motion of the defendants 10 Bethpage Rd., LLC, 50 Bethpage Rd., LLC, Ralph G. Potente, and Ralph J. Potente which were for summary judgment on their counterclaims and for summary judgment dismissing the second, third, fourth, fifth, and sixth causes of action insofar as asserted against them. The order, insofar as cross-appealed from, denied the plaintiffs' motion for summary judgment on the first cause of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants 10 Bethpage Rd., LLC, 50 Bethpage Rd., LLC, Ralph G. Potente, and Ralph J. Potente which was for summary judgment dismissing the second,
third, fourth, fifth, and sixth causes of action insofar as asserted against them, and substituting therefor a provision granting that branch of those defendants' motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The background facts underlying this action are set forth in this Court's decision and order on a companion appeal in a related action (hereinafter the Bethpage action) (see 10 Bethpage Road, LLC v 114 Woodbury Realty, LLC, ____ AD3d ____ [decided herewith]).
In February 2014, the plaintiffs, 114 Woodbury Realty, LLC, and John E. Potente & Sons, Inc., commenced this action against, among others, the defendants 10 Bethpage Rd., LLC, 50 Bethpage Rd., LLC, Ralph G. Potente, and Ralph J. Potente (hereinafter collectively the defendants) and asserted six causes of action in connection with the parties' family dispute regarding [*2]the validity of an alleged Declaration of Easement dated March 31, 1998 (hereinafter the easement) over real property located in Hicksville (hereinafter the premises). The first cause of action alleges that the defendants "knowingly, willfully, wrongfully, and maliciously caused the purported fraudulent easement to be recorded." The second cause of action seeks an injunction restraining the defendants from: (1) using the number "114 Woodbury Road" or any other designation of the plaintiffs'; (2) accessing, retaining and/or destroying the plaintiffs' mail and/or electronic mail; and (3) impeding the plaintiffs from the use and enjoyment of parcels 1 and 2 at the premises (hereinafter Ralph J.'s parcels). The third cause of action seeks monetary damages for the alleged conversion of the address "114 Woodbury Road" and for the defendants' alleged conversion of the plaintiffs' electronic mail and mail. The fourth cause of action seeks a declaratory judgment "vesting all right, title, and interest in Charles Avenue to Plaintiff Woodbury as a result of its adverse possession of the same." The fifth cause of action alleges that the defendants tortiously interfered with the plaintiffs' business relations. The sixth cause of action alleges that the defendants tortiously interfered with the plaintiffs' prospective business relations. The defendants asserted three counterclaims. The first and second counterclaims allege that the plaintiffs prevented the defendants from using the valid and enforceable easement to access Charles Avenue by erecting a large concrete "spite wall" upon the area comprising the easement, which the defendants allege to have caused a significant diminishment in the defendants' use of Ralph J.'s parcels. The third counterclaim seeks monetary damages as well as injunctive relief requiring the plaintiffs to immediately remove "all obstructions, barriers, fencing, equipment and other impediments to the unrestricted and free use of the easement area as defined in the Declaration of Easement" and permanently prohibiting the plaintiffs "from interfering with the right of ingress and egress and the use of the easement area as defined in the Declaration of Easement."
After the parties engaged in discovery and motion practice, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them and for summary judgment on their counterclaims. The plaintiffs moved for summary judgment on their first cause of action.
In an order entered October 14, 2016, the Supreme Court denied both the defendants' motion and the plaintiffs' motion, finding that triable issues of fact regarding the validity of the easement precluded an award of summary judgment in favor of any party. Noting that "[t]he issue
of the easement in the instant matter is the same issue of the easement in the [Bethpage action]," and that in the Bethpage action, the court had denied all parties' summary judgment motions on the basis that "triable issues of fact have been raised regarding the validity of the alleged easement," the court held that "it is evident that triable issues of fact exist with respect to said easement." The defendants appeal from so much of the order as denied those branches of their motion which were for summary on their counterclaims and for summary judgment dismissing the second, third, fourth, fifth, and sixth causes of action insofar as asserted against them. The plaintiffs cross-appeal from so much of the order as denied their motion.
Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it " should only be employed when there is no doubt as to the absence of triable issues'" (Pizzo-Juliano v Southside Hosp., 129 AD3d 695, 696, quoting Andre v Pomeroy, 35 NY2d 361, 364; see Trio Asbestos Removal Corp. v Gabriel & Sciacca Certified Pub. Accountants, LLP, 164 AD3d 864, 865). The function of a court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist (see Castlepoint Ins. Co. v Command Sec. Corp., 144 AD3d 731, 733; Dorival v DePass, 74 AD3d 729, 730; Rudnitsky v Robbins, 191 AD2d 488, 489). Thus, summary judgment "should only be granted where there are no material and triable issues of fact," and "the papers should be scrutinized carefully in the light most favorable to the party opposing the motion" (Ptasznik v Schultz, 223 AD2d 695, 696; Gitlin v Chirinkin, 98 AD3d 561, 562).
The defendants' three counterclaims are all grounded in allegations that the easement is a valid and enforceable instrument. Because there is no dispute that the plaintiffs have prevented the defendants from using the easement to access Charles Avenue by erecting the so-called "spite wall" upon the area comprising the easement, all three of the defendants' counterclaims hinge upon [*3]a determination of whether the easement is a valid and enforceable instrument.
"An easement appurtenant occurs when the easement is created in writing, subscribed by the creator, and burdens the servient estate for the benefit of the dominant estate" (Bogart v Roven, 8 AD3d 600, 601; Selvaggi v Skvorecz, 256 AD2d 324, 325; accord Green v Mann, 237 AD2d 566, 567; Strnad v Brudnicki, 200 AD2d 735, 736). The defendants demonstrated their prima facie entitlement to judgment as a matter of law on their counterclaims. These counterclaims concern the validity of the easement, as the written easement contained plain and direct language reflecting a clear right of access that was granted over the plaintiffs' property (see Willow Tex v Dimacopoulos, 68 NY2d 963, 965, citing Clark v Devoe, 124 NY 120, 126). Where, as here, a written instrument granting an easement is not ambiguous, "the parties' intent must be found within the four corners of the document and the question is one of law, which may be decided on a motion for summary judgment" (Goodman v CF Galleria at White Plains, LP, 39 AD3d 588, 589, citing Gora v D.I.D. Acquisition Co., 226 AD2d 425, 426). The defendants also submitted prima facie evidence demonstrating that the easement was dated March 31, 1998, was properly recorded on October 25, 1999, and exists over the premises.
In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs set forth evidence demonstrating that there are triable issues of fact concerning the validity and recording of the easement that require the denial of the defendants'
summary judgment motion on their counterclaims (see Hoffmann v Delbeau, 139 AD3d 803, 804; Tessema v City of Rochester, 128 AD3d 1442, 1443-1444; DeMato v Mallin, 126 AD3d 849, 850; Menucha of Nyack, LLC v Fisher, 110 AD3d 1037, 1040; Behar v Wiblishauser, 99 AD3d 838, 842; Campbell v Blue Point Community Assn., 267 AD2d 413, 413; Chapman v Vondorpp, 256 AD2d 297, 298; Cooper v Drobenko Bros. Realty, 200 AD2d 415, 415). The plaintiffs' submissions set forth evidence reflecting that there were no fewer than 11 iterations of the easement in existence, some of which were apparently filed and discovered at various times in the Nassau County Clerk's office. The plaintiffs also furnished evidence demonstrating that the easement may have been improperly "corrected" and re-recorded in various forms with and without signature pages. The plaintiffs' submissions also demonstrate the existence of triable issues of fact as to: (1) whether Saverio P. Potente was physically able to sign the easement in 1998 due to declining health; (2) whether the defendants believed that a valid easement had been executed in 1998 due to the inconsistent conduct of the relevant parties in 2003; and (3) whether the 1998 conveyance was valid and/or may have been "contingent," as the necessary subdivision application for the premises was not approved until September 1999. Accordingly, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment on their counterclaims.
The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the first cause of action, which alleges that the defendants "knowingly, willfully, wrongfully, and maliciously caused the purported fraudulent easement to be recorded." In opposition to the plaintiffs' prima facie showing, however, the defendants raised triable issues of fact concerning the validity and recording of the easement (see Hoffmann v Delbeau, 139 AD3d at 804; Tessema v City of Rochester, 128 AD3d at 1443-1444; DeMato v Mallin, 126 AD3d at 850; Menucha of Nyack, LLC v Fisher, 110 AD3d at 1040; Behar v Wiblishauser, 99 AD3d at 842; Campbell v Blue Point Community Assn., 267 AD2d at 413; Chapman v Vondorpp, 256 AD2d at 298; Cooper v Drobenko Bros. Realty, 200 AD2d at 415). Therefore, we agree with the Supreme Court's determination denying the plaintiffs' motion for summary judgment on the first cause of action.
We disagree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' second, third, fourth, fifth, and sixth causes of action, as those causes of action did not concern the validity of the easement that is at the heart of the parties' dispute. Where a party fails to oppose some or all matters advanced on a motion for summary judgment, the facts as alleged in the movant's papers may be deemed admitted as there is, in effect, a concession that no question of fact exists (see Kuehne & Nagel v Baiden, 36 NY2d 539, 544; Madeline D'Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606, 609). [*4]Here, the plaintiffs failed to submit any opposition to that branch of the defendants' motion which was for summary judgment dismissing the second through sixth causes of action. On appeal, the plaintiffs further confirmed that they have abandoned the second through sixth causes of action, conceding that they did not oppose this branch of the defendants' motion and stating that the second through sixth causes of action "are no longer pertinent issues between the parties." Accordingly, the court should have granted that branch of the defendants' motion which was for summary judgment dismissing the second through sixth causes of action, which have been abandoned (see Faith v Town of Goshen, 167 AD3d 986, 987; Ramirez v Brentwood Union Free Sch. Dist., 164 AD3d 702, 703; see also Stiles v Graves, 143 AD3d 1215, 1216, citing Matter of Reilly v Reid, 45 NY2d 24, 28).
SCHEINKMAN, P.J., CHAMBERS, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court