10 Bethpage Rd., LLC v 114 Woodbury Realty, LLC (2019 NY Slip Op 08812)





10 Bethpage Rd., LLC v 114 Woodbury Realty, LLC


2019 NY Slip Op 08812


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-12381
 (Index No. 11236/13)

[*1]10 Bethpage Road, LLC, et al., appellants-respondents,
v
114 Woodbury Realty, LLC, respondent-appellant.


Albanese & Albanese LLP, Garden City, NY (Diana C. Prevete of counsel), for appellants-respondents.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Michelle C. Englander of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered October 14, 2016, and the defendant cross-appeals from the same order. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the complaint and for summary judgment dismissing the defendant's counterclaims. The order, insofar as cross-appealed from, denied the defendant's motion for summary judgment on its first and second counterclaims.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment dismissing the defendant's third counterclaim, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
This action involves a family dispute concerning the validity of an alleged easement over real property located in Hicksville. It is undisputed that since the early 1950s, brothers Ralph J. Potente (hereinafter Ralph J.) and Saverio P. Potente (hereinafter Saverio) jointly owned a parcel of land (hereinafter the premises), and used it to run their family business together for many decades. It is also undisputed that in the late 1990s, the brothers agreed to divide the premises for the future benefit of their heirs, and on or about September 2, 1999, the premises were subdivided into four parcels such that Ralph J. took ownership of parcels 1 and 2 (hereinafter Ralph J.'s parcels) and Saverio took ownership of parcels 3 and 4 (hereinafter Saverio's parcels).
The plaintiffs, 10 Bethpage Road, LLC, and 50 Bethpage Road, LLC, allege that the brothers understood that Ralph J.'s parcels would not have direct access to Charles Avenue due to a 25-foot gap between the end of Charles Avenue and the southern boundary line of Ralph J.'s parcels, which gap had been created by the brothers' joint efforts in successfully petitioning the Town of Oyster Bay to abandon the adjacent Lottie Avenue, a 50-foot-wide previously public road that was incorporated into the premises after being abandoned by the Town. The plaintiffs further allege that on March 31, 1998, Ralph J. and Saverio executed a Declaration of Easement (hereinafter the easement) for the premises. That easement provided Ralph J. with access from his parcels over [*2]Saverio's parcels, so that both brothers could access Charles Avenue. The plaintiffs assert that the easement is a valid and enforceable easement that was properly recorded on October 25, 1999, in the Nassau County Clerk's office. According to the plaintiffs, Ralph J. subsequently used the easement to access Charles Avenue for years, without objection from Saverio or Saverio's heirs.
A dispute regarding the validity of the easement arose after the brothers' parcels were deeded to corporate entities controlled by the brothers' respective families. Saverio's parcels were transferred to his sons, Eugene and Sam, following Saverio's death in 2001, and then to the defendant, 114 Woodbury Realty, LLC, in 2008. Ralph J.'s parcels were transferred to the plaintiffs, with the plaintiff 50 Bethpage Road, LLC, acquiring ownership of parcel 2 in 2009 and the plaintiff 10 Bethpage Road, LLC, acquiring ownership of parcel 1 in 2011. During the time after Saverio's death and Ralph J.'s retirement, Saverio's sons, Eugene and Sam, ran the family business, and in connection therewith, they rented a portion of Ralph J.'s parcels.
According to the plaintiffs, the relationship soured in 2012 when Saverio's sons could not reach an agreement on a new lease for the portion of Ralph J.'s parcels that they had been renting, despite negotiations with Ralph J.'s son, Ralph G. The plaintiffs allege that when this lessor/lessee relationship ended in 2012, Saverio's son, Sam, erected numerous large, precast concrete blocks weighing several tons upon the area comprising the easement, and that this "spite wall" prevented the plaintiffs from utilizing the easement and wholly frustrated the purpose thereof.
According to the defendant, Saverio's sons could not reach an agreement on a new lease for the portion of Ralph J.'s parcels that they had been renting in 2012, because the plaintiffs began "willfully and maliciously" impeding Sam's ability to run the family business, and demanded a 300% increase on the rent for the portion of Ralph J.'s parcels that the defendant had been renting, which caused Sam to relocate the business solely to Saverio's parcels in September 2012. The defendant contends that the issue of the alleged easement was raised by the plaintiffs for the first time in September 2012 in connection with this dispute. The defendant asserts that the easement is null and void and of no force and effect, and is invalid as a matter of law. Moreover, the defendant contends that at no time during the possession of the premises by the plaintiffs or by the plaintiffs' predecessors in interest was any right or usage of the alleged easement utilized or exercised.
On September 13, 2013, the plaintiffs commenced this action against the defendant, asserting three causes of action. The first and second causes of action seek monetary damages due to the defendant's alleged actions in preventing the plaintiffs from using the easement to access Charles Avenue by way of the "spite wall," which the plaintiffs allege has caused a significant diminishment in their use of Ralph J.'s parcels. The third cause of action seeks, inter alia, a declaratory judgment and an injunction "requiring the immediate removal of all obstructions, barriers, fencing, equipment and other impediments to the unrestricted and free use of the easement." The defendant asserted three counterclaims in its answer. The first counterclaim seeks a judgment declaring, inter alia, that "(1) the [e]asement is null and void and of no force and effect; (2) Defendant is the sole fee owner of [Saverio's parcels], unencumbered by any easement or other right(s) to any estate or interest by either Plaintiff; [and] (3) Defendant has the sole and exclusive right to undisturbed possession of [Saverio's parcels]." The second counterclaim alleges that the easement recorded in the Nassau County Clerk's office "is a totally void, invalid, and unenforceable instrument" and a "forgery," and that the easement as recorded therein lacks the signature of Saverio as the alleged grantor thereof. In the second counterclaim, the defendant seeks the same declaratory relief as the first counterclaim, and an additional declaration "[o]rdering the removal and cancellation of the purported easement . . . from the records of the Office of the Clerk of Nassau County as an invalid, unenforceable instrument resulting from fraud and forgery." The defendant's third counterclaim seeks punitive damages "as a result of Plaintiffs' fraud and forgery and wrongfully commencing the within action based thereon."
After the parties engaged in discovery and motion practice, the plaintiffs moved more than once for summary judgment on the complaint and for summary judgment dismissing the counterclaims. The defendant moved for summary judgment on its first and second counterclaims.
In an order entered October 14, 2016, the Supreme Court denied both the plaintiffs' motion and the defendant's motion, finding, inter alia, that the plaintiffs' motion should be denied as a successive summary judgment motion, and that, in any event, triable issues of fact regarding the validity of the easement precluded an award of summary judgment in favor of any party. The plaintiffs appeal, and the defendant cross-appeals.
Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it " should only be employed when there is no doubt as to the absence of triable issues'" (Pizzo-Juliano v Southside Hosp., 129 AD3d 695, 696, quoting Andre v Pomeroy, 35 NY2d 361, 364; see Trio Asbestos Removal Corp. v Gabriel & Sciacca Certified Pub. Accountants, LLP, 164 AD3d 864, 865). The function of a court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist (see Castlepoint Ins. Co. v Command Sec. Corp., 144 AD3d 731, 733; Dorival v DePass, 74 AD3d 729, 730; Rudnitsky v Robbins, 191 AD2d 488, 489). Thus, summary judgment "should only be granted where there are no material and triable issues of fact," and "the papers should be scrutinized carefully in the light most favorable to the party opposing the motion" (Gitlin v Chirinkin, 98 AD3d 561, 561-562 [internal quotation marks omitted]; see Ptasznik v Schultz, 223 AD2d 695, 696).
We note that, although the defendant's argument that the Supreme Court correctly denied the plaintiffs' summary judgment motion in part due to the general discouragement of successive summary judgment motions has some merit, the order appealed from also addressed the defendant's motion for summary judgment, which motion involved essentially the same evidence and issues addressed in the plaintiffs' motion. Under these circumstances, we are constrained to consider the merits of both the defendant's summary judgment motion and the plaintiffs' summary judgment motion.
The plaintiffs' three causes of action are all grounded in allegations that the easement is a valid and enforceable instrument. Because there is no dispute that the defendant has prevented the plaintiffs from using the easement to access Charles Avenue by way of a physical barrier, i.e., the so-called "spite wall," all three of the plaintiffs' causes of action hinge upon a determination of whether the easement is a valid and enforceable instrument. The defendant's first and second counterclaims, which allege, inter alia, that the easement is null and void and the result of fraud and forgery, also hinge upon this determination.
"An easement appurtenant occurs when the easement is created in writing, subscribed by the creator, and burdens the servient estate for the benefit of the dominant estate" (Bogart v Roven, 8 AD3d 600, 601; see Selvaggi v Skvorecz, 256 AD2d 324, 325; accord Green v Mann, 237 AD2d 566, 567; Strnad v Brudnicki, 200 AD2d 735, 736). The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the first three causes of action and dismissing the defendant's first two counterclaims, as the written easement contained plain and direct language reflecting a clear right of access that was granted over the defendant's property, i.e., Saverio's parcels (see Willow Tex v Dimacopoulos, 68 NY2d 963, 965, citing Clark v Devoe, 124 NY 120, 126). Where, as here, a written instrument granting an easement is not ambiguous, "the parties' intent must be found within the four corners of the document and the question is one of law, which may be decided on a motion for summary judgment" (Goodman v CF Galleria at White Plains, LP, 39 AD3d 588, 589, citing Gora v D.I.D. Acquisition Co., 226 AD2d 425, 426). The plaintiffs also submitted prima facie evidence demonstrating that the easement was dated March 31, 1998, was properly recorded on October 25, 1999, and exists over the premises. In addition, the plaintiffs' submissions included an affidavit of an employee of the Nassau County Clerk's office, who attested to the proper recording of the easement and storing copies of the easement in the Clerk's office. That employee averred that discrepancies involving handwritten notations in publicly filed instruments sometimes occur when the Clerk's office makes such notations on instruments prior to recording, which notations become part of the recorded instrument but do not appear on other unrecorded copies of the same instrument.
In opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law, the defendant raised triable issues of fact concerning the validity of the easement that [*3]require the denial of the plaintiffs' summary judgment motion with respect to the first, second, and third causes of action, and with respect to the first and second counterclaims (see Hoffmann v Delbeau, 139 AD3d 803, 804; Tessema v City of Rochester, 128 AD3d 1442, 1443-1444; DeMato v Mallin, 126 AD3d 849, 850; Menucha of Nyack, LLC v Fisher, 110 AD3d 1037, 1040; Behar v Wiblishauser, 99 AD3d 838, 842; Campbell v Blue Point Community Assn., 267 AD2d 413, 413; Chapman v Vondorpp, 256 AD2d 297, 298; Cooper v Drobenko Bros. Realty, 200 AD2d 415, 415). The defendant's submissions set forth evidence reflecting that there were no fewer than 11 iterations of the easement in existence, some of which were apparently filed and discovered at various times
in the Nassau County Clerk's office. The defendant also furnished evidence reflecting that the easement may have been improperly "corrected" and re-recorded in various forms with and without signature pages. For instance, the defendant submitted evidence that a representative of the plaintiffs admittedly "corrected" and re-recorded the easement with a signature page for the first time in 2013. The defendant's submissions also demonstrate the existence of triable issues of fact as to: (1) whether Saverio was physically able to sign the easement in 1998 due to declining health; (2) whether the plaintiffs believed that a valid easement had been executed in 1998 due to the inconsistent conduct of the relevant parties in 2003; and (3) whether the 1998 conveyance was valid and/or may have been "contingent," as the necessary subdivision application for the premises was not approved until September 1999. Accordingly, we agree with the Supreme Court's determination denying those branches of the plaintiffs' motion which were for summary judgment on the first, second, and third causes of action and for summary judgment dismissing the first and second counterclaims.
We also agree with the Supreme Court's determination denying the defendant's motion for summary judgment on its first and second counterclaims. Although the defendant demonstrated its prima facie entitlement to judgment as a matter of law on those counterclaims, the plaintiffs, in opposition raised triable issues of fact regarding the validity of the easement that warrant the denial of the defendant's motion.
However, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment dismissing the third counterclaim. That counterclaim, which seeks punitive damages "as a result of Plaintiffs' fraud and forgery and wrongfully commencing the within action based thereon," appears to sound in malicious prosecution. The elements of a cause of action for malicious prosecution are: (1) the initiation of an action or proceeding; (2) termination favorably to the claimant in the second action; (3) a lack of probable cause; and (d) malice (see Batten v City of New York, 133 AD3d 803, 805). The plaintiffs met their prima facie burden of demonstrating that this counterclaim is premature, as there has been no underlying civil proceeding that has been terminated in the plaintiffs' favor (see Park v State of New York, 226 AD2d 153, 154; Lieberman v Roadside 3 Hour Cleaners, 81 AD2d 635). In opposition, the defendant failed to raise a triable issue of fact.
In light of our determination, we need not reach the parties' remaining contentions.
SCHEINKMAN, P.J., CHAMBERS, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court